**Alfonso FLORES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47810.**

Court of Criminal Appeals of Texas.

July 10, 1974.

Rehearing Denied Sept. 18, 1974.

R. Norvell Graham, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., Fred Rodriguez, Stephen P. Allison, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

**68**

## OPINION

ONION, Presiding Judge.

The conviction involved in this appeal is for assault with intent to commit murder. The punishment assessed by the jury was ten (10) years, but such verdict recommended probation.

After receipt of the verdict, the court imposed certain conditions of probation included among which is found the condition "12. Pay restitution in the amount of $5,584.20, through the Adult Probation Officer of Bexar County, Texas, at the rate of $46.50 per month . . . ." When imposing such condition, the court stated to the appellant, "This will be—you will make restitution to Mr. Arthur Estrada, 610 Hearne Street, San Antonio, Texas, in the sum of $2,500 and to Roy Gonzales of 327 Pinewood Street of San Antonio, Bexar County, Texas, and to John Hancock Insurance on Lexington Street of San Antonio, Texas, for the medical expenses incurred by Mr. Felan, the person alleged in the indictment (the complaining witness)."

Appellant asks on appeal only that this court "reform the order of the trial Judge to conform with the jury verdict," it being contended that the court modified the jury verdict regarding punishment by requiring him "to pay restitution to two witnesses in the amount of $5,000.00 plus restitution to the complaining witness in the amount of $500.00." [1]

Initially, appellant contends the trial court erred in modifying the statutory

1. Appellant probably meant $584.20 in light of the condition of probation actually imposed.

2. Article 42.12, Sec. 6, Vernon's Ann.C.C.P., sets forth the following conditions of probation:
"a. Commit no offense against the laws of this State or of any other State or of the United States;
"b. Avoid injurious or vicious habits;
"c. Avoid persons or places of disreputable or harmful character;

terms of probation [2] after the jury had recommended probation.

He calls attention to Section 3a of Article 42.12, Vernon's Ann.C.C.P., which provides in part:

"If probation is granted by the jury the court may impose only those conditions which are set forth in Section 6 hereof."

In O'Neal v. State, 421 S.W.2d 391 (Tex.Cr.App.1967), this court held the conditions which the court may impose when probation is recommended by the jury are limited to, but do not necessarily include, all those enumerated in Sec. 6 of the statute.

The conditions of probation imposed by the court in the instant case which the appellant contends exceeded the authority of the court include:

"2. Avoid injurious or vicious habits *and abstain from the use of narcotic drugs in any form; not use alcoholic beverages;*

"3. Avoid places and persons of harmful and disreputable character, *including places where narcotic drugs are possessed, sold or used and not associate with persons who possess, sell or use narcotic drugs, and not associate with persons of criminal record;*

"4. Obtain and keep gainful employment in a lawful occupation (rather than work faithfully at suitable employment as far as possible);

"d. Report to the probation officer as directed;
"e. Permit the probation officer to visit him at his home or elsewhere;
"f. Work faithfully at suitable employment as far as possible;
"g. Remain within a specified place;
"h. Pay his fine, if one be assessed, and all court costs whether a fine be assessed or not, in one or several sums, and make restitution or reparation in any sum that the court shall determine; and
"i. Support his dependents."

"* * *

"10. Report any change of address, change of job or arrest to the Adult Probation Officer within 48 hours . . . ."

 The italicized portions above, as well as conditions 4 and 10, are departures from the exact statutory language, but we conclude that the court did not impose conditions other than the statutory conditions. A study of the suggested conditions set forth in the statute reveals the same needs some fleshing out to avoid the vice of vagueness and uncertainty in most cases. For example, the statutory condition "Report to Probation Officer as directed" imposed, without more, is vague and uncertain as not informing the probationer when or how frequently he is to report. See De Leon v. State, 466 S.W.2d 573 (Tex.Cr. App.1971); Campbell v. State, 420 S.W.2d 715 (Tex.Cr.App.1967); Cotton v. State, 472 S.W.2d 526 (Tex.Cr.App.1971). There is always value in making all conditions explicit, primarily as an aid to the offender in increasing his understanding of what is expected of him. The impropriety of imposing conditions which achieve such a level of generality as to be of no particular value seems clear.

Appellant's initial contention is overruled.

Next, appellant urges that the court had no authority to require him as a condition of probation to pay restitution to the John Hancock Insurance Company in order to reimburse that organization for the amount paid out ($584.20) for the medical expenses of the complaining witness Felan in the instant case of assault with intent to commit murder.

 Appellant argues that when probation is recommended by the jury the conditions of probation which the court may impose are limited to, but do not necessarily include, all those conditions enumerated in Section 6 of Article 42.12, Vernon's Ann. C.C.P. He urges that under such circumstances the court "must obtain from the jury its authority to award restitution under the proper instruction to the jury," and contends that when the court fails to charge the jury that restitution is a possible probationary condition it cannot thereafter be imposed as a condition of probation. He calls attention to the fact that the court's charge at the penalty stage of the trial informed the jury that if it recommended probation the appellant would be placed on probation and then it enumerated the probationary conditions a defendant "is placed under." Such charge closely tracked the statutory conditions set forth in Section 6 of Article 42.12, supra (see footnote #1), except that in subsection h reference is made to court costs but no reference is made to restitution.[3]

 We cannot agree with appellant's contention. While it is considered good practice to enumerate in the court's charge the probationary conditions which the court may impose if probation is recommended by the jury, the failure to so enumerate the said conditions is not harmful to the accused or restrictive of the court's authority under the statute. See and compare O'Neal v. State, supra.

Lastly, appellant contends the court erred in awarding restitution to "two witnesses," Estrada and Gonzales. Not only does he re-urge the rationale set out under his second ground of error, but seizes upon the concurring opinion in Bradley v. State, 478 S.W.2d 527 (Tex.Cr.App.1972), in which one judge expressed his opinion that restitution as contemplated by the statute "does not include restitution to a party other than the victim of the crime for which the defendant was convicted."

 An examination of the appellate record reflects that only a portion of the

3. We do not understand appellant to contend the probationary condition in question would have been improper had the court charged the jury as to restitution being a possible condition of probation.

trial record was brought forward at the option of the appellant. While the hearing on punishment is included, there is no transcription of the court reporter's notes from the guilt-innocence stage of the trial. We are unable to determine if the individuals named were in fact witnesses or just what their connection with the alleged crime was, etc.[4] In light of the record before us there is no way for this court to determine if the court abused its discretion in requiring the restitution of which appellant complains. Under the circumstances we decline to reform the judgment as requested.

The judgment is affirmed.

MORRISON, Judge (concurring in part and dissenting in part).

I agree with the majority that this Court should not reform the judgment because of the failure of the record to include certain evidence when the appellant has not brought the entire record forward on appeal.

However, I am in agreement with the dissent to the extent that I do not construe the provisions for restitution to be broad enough to permit the Court to require a defendant who has been granted probation by a jury to pay restitution for any injury or damages not arising out of the offense for which he has been convicted.

For the reasons stated, I concur in part and dissent in part.

ROBERTS, Judge (dissenting).

I dissent to the majority's disposition of the appellant's last ground of error. While it is true that no transcription of the guilt-innocence stage of the trial is before us, yet there is still enough material relating to this subject in the record to warrant its review.

The indictment in this case charges the appellant with the offense of assault with intent to murder with malice the complaining witness Felan. There is absolutely no mention of Estrada or Gonzales and appellant cannot therefore have been convicted in this proceeding of an offense relating to them. This much, at least, is apparent from the record. It is also apparent that the court, in expanding the terms and conditions of appellant's probation, would require him to make restitution to two persons in the amount of $2,500 each, although he was not convicted of any offense involving them.

This is not only in excess of the court's authority under Art. 42.12, Section 6, subd. h, V.A.C.C.P., but may very well constitute a taking of property without due process.

The record before us reflects that the court agreed that his order related to reimbursement of two witnesses. This matter is revealed in the discussion between the court and defense counsel as follows:

"Defense Counsel: Would the Court please set out in there what the twenty-five hundred dollars is for?

"The Court: The Court just dictated it in the record.

"Defense Counsel: Well, will the Court agree and stipulate that the twenty-five hundred dollars is what the witness alleged was taken from him, which witness [sic] has certainly got a civil right of action, which I do not believe the Court can order restitution to a witness in the case. I would certainly object to that very strenuously —to that portion of the Court's order.

"The Court: That's the order of the Court."

This action was clearly not within the power of the court, regardless of whether

---

4. At the hearing on punishment several reputation witnesses were cross-examined by the State and asked if they had heard two San Antonio firemen had accused the appel-lant of having swindled them out of $5,000 on a "phony land investment deal." These firemen were not identified by name or otherwise.

probation was granted by the court or the jury. See Bradley v. State, 478 S.W.2d 527 (Tex.Cr.App.1972), concurring opinion on Appellant's Motion for Rehearing. Further, if the appellant is unable to make the required restitution payments, and as a result his probation is revoked, will he not have been imprisoned for debt, contrary to the prohibition of Art. 1, Section 18, Texas Constitution? See and compare State v. Caudle, 276 N.C. 550, 173 S.E.2d 778 (1970).

The trial court's action was clearly wrong and is sufficiently preserved for review. We should consider it and take the necessary corrective measures. I dissent.