Willie Mayes BRASS, Appellant,

v.

STATE of Texas, Appellee.

No. A14–81–481CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 29, 1982.

Discretionary Review Refused
Nov. 3, 1982.

Don Rogers, Houston, for appellant.

Roberto Gutierrez, Ned Morris, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

J. CURTISS BROWN, Chief Justice.

Willie Mayes Brass, appellant, was convicted of murder. The jury assessed punishment at confinement in the Texas Department of Corrections for twenty years. Appeal has been perfected to this Court on a single ground of error.

Appellant claims reversible error was committed by the trial court in overruling his objection to the portion of the court's charge to the jury concerning probation. The pertinent portion of the charge is as follows:

> The Defendant has filed his sworn motion for probation herein, alleging that he has never before been convicted of a felony in this State or any other State. Our law provides that where a person is charged with an offense and the jury finds him guilty and assesses the punishment at imprisonment for any term of years not more than ten years, or both such fine and imprisonment, and the jury further finds that the Defendant has never been convicted of a felony in this State or in any other State, the jury may cause the imposition of sentence to be suspended and the Defendant to be placed on probation under supervision of the Court *during his good behavior.* (Emphasis added.)

Appellant contends the court erred by failing, in response to his objection, to enumerate the statutory terms and conditions which would be imposed if the jury recommended probation. Appellant argues that the charge is "fundamentally misleading"

in that it infers the only condition of probation is "good behavior."

■ It does not appear that the Court of Criminal Appeals has decided the specific issue before us. That is, whether a trial court is required to enumerate the specific statutory terms and conditions of probation that may be imposed upon a proper objection to a charge which generally states that probation, if recommended by the jury, will be conditioned on good behavior.

In *Flores v. State,* 513 S.W.2d 66, 69 (Tex.Cr.App.1974), it was stated:

> While it is considered good practice to enumerate in the court's charge the probationary conditions which the court may impose if probation is recommended by the jury, the failure to so enumerate the said conditions is not harmful to the accused or restrictive of the court's authority under the statute.

We acknowledge, however, that *Flores* concerned a charge including most of the terms of probation a court is authorized to impose. The holding was that a trial court is not limited to the terms and conditions set out in the charge in deciding those which should actually be imposed. Apparently, no objection to the charge was made. We also note the case of *Henderson v. State,* 617 S.W.2d 697 (Tex.Cr.App.1981) in which the accused's complaint on appeal was similar to the one before us, but there was no objection. The Court of Criminal Appeals held there was no fundamental error. *See also Kemner v. State,* 589 S.W.2d 403 (Tex.Cr. App.1979).

We are of the opinion that an accused should be entitled to have all of the allowable statutory terms and conditions of probation enumerated in the court's charge to the jury upon a proper objection or request. Terms and conditions of probation are proper for consideration by the jury in their determination of whether or not to recommend probation. The Court of Criminal Appeals has labeled this a good practice. Therefore, we hold it was error for the trial court to overrule appellant's proper objection.

However, the Legislature has enacted Tex.Code Crim.Pro.Ann. art. 36.19 (Vernon 1981), which provides that reversal on appeal for errors in the charge shall not occur unless the record indicates such error was calculated to injure the rights of an accused or if it appears that an accused has not had a fair and impartial trial.

In the situation before us, the jury assessed punishment at twenty years confinement. This length of time is double that which would be necessary for probation to have been recommended by the jury. Considering the entire record, we hold appellant has not shown that the error of the trial court is reversible error under article 36.19. *See O'Neal v. State,* 421 S.W.2d 391 (Tex. Cr.App.1967).

■ Appellant further argues that the charge is "fundamentally misleading" because it is ambiguous as to whether the fine assessed, if any, would be probated along with the sentence in contravention of interpretations of Tex.Code Crim.Pro.Ann. art. 42.12 (Vernon Supp.1982). We find this argument to be without merit. Finding no reversible error in the charge, appellant's ground of error is overruled.

The conviction is affirmed.