Donnie Stancel ANDERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–82–0289–CR.

Court of Appeals of Texas, Amarillo.

April 5, 1984.

Rehearing Denied April 24, 1984.

Robert Blinderman, Amarillo, for appellant.

Danny Hill, Dist. Atty., Joe W. Jernigan, Asst. Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant Donnie Stancel Anderson brings this appeal from his conviction, upon

a plea of guilty, to burglary of a habitation and the consequent jury assessed punishment of five years confinement in the Department of Corrections. We affirm the judgment of the trial court.

Appellant asserts the trial court reversibly erred in failing to charge the jury on that portion of Tex. Code Crim.Pro.Ann. art. 42.12, sec. 6b(a),* which provides that "when the court having jurisdiction of the case grants probation to the defendant, in addition to the conditions imposed under Section 6 of this article, the court may require as a condition of probation that the defendant submit to a period of detention in a penal institution to serve a term of imprisonment not to exceed 30 days or one-third of the sentence, whichever is lesser."

The record reveals that when the proposed charge was prepared and submitted to the defendant, his objection was that "the charge does not include the condition of shock probation." While the State contends this objection was not sufficiently specific to direct the court's attention to the vice asserted, in the context of the record, we think it sufficient to preserve the question raised for appellate review.

As authority for his assertation of reversible error, appellant cites the case of *Brass v. State*, 643 S.W.2d 443 (Tex.App.—Houston [14th Dist.] 1982, pet. ref.). In that case, the court held that "an accused should be entitled to have all of the allowable statutory terms and conditions of probation enumerated in the court's charge upon a proper objection or request." The rationale for this decision was that "terms and conditions of probation are proper for consideration by the jury in their determination of whether or not to recommend probation."

We do not think the rule enunciated in *Brass* should be extended to the situation here presented. The reference in *Brass* was to those possible terms and conditions enumerated in sec. 6 and 6(a) of the statute which might aid the jury in making the determination in which they participate,

*i.e.*, whether or not the defendant should be admitted to probation.

Whether or not to require a period of penal confinement is, on the other hand, one that can only be made after the initial determination to grant probation. By the terms of the statute it is a decision to be made after "the defendant is granted probation" and rests solely in the discretion of the court in which the probation is pending. That being the case, an instruction as to the possibility that the court, in the exercise of that discretion might, *after* the granting of probation, require penal confinement, is not one that is necessary to aid the jury in deciding whether to recommend probation. The trial court did not reversibly err in failing to give the requested instruction.

Appellant's ground of error is overruled and the judgment of the trial court affirmed.

---

* All references hereinafter made to sections are to those subdivisions of art. 42.12.