**Johnny LONG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–83–725CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 1, 1984.

Wallace N. Shaw, Freeport, for appellant.

Jim Mapel, Angleton, for appellee.

Before PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a judgment of conviction for the offense of injury to a child. Appellant, Johnny Long, entered a plea of not guilty. The jury found him guilty and assessed his punishment at 99 years in the Texas Department of Corrections. We affirm.

Appellant raises four grounds of error on appeal. In ground of error one appellant claims that the trial court erred by admitting into evidence the second written statement made by appellant to an Alvin policeman when such statement, a result of custodial interrogation, did not show on its face the warnings required by Tex.Code Crim.Pro.Ann. art. 38.22, § 2 (Vernon 1979) and because the record did not show that the required warnings were in fact given to appellant. Appellant in his second ground of error complains that the trial court committed reversible error by admitting gruesome photographs of the body of the child because the photographs were offered by the State solely to and did inflame the minds of the jury against appellant. Ground of error three asserts that the jury verdict is contrary to the law and the evidence because there is no admissible evidence or, in the alternative, there is insufficient admissible evidence in the record to establish beyond a reasonable doubt that appellant caused serious bodily injury to the child in the manner alleged in the indictment. In his fourth ground of error appellant argues that the trial court misdirected the jury as to the law on punishment by failing to instruct the jury that the court may require, as a condition of probation, that appellant serve a term in a penal insti-

tution not to exceed thirty days or one-third of his sentence, whichever is lesser.

The events leading to appellant's arrest began on October 31, 1982, when Alvin policeman James Hoops responded to an ambulance request at the Jephson Street Apartments, in the city of Alvin, Texas. Officer Hoops arrived at the apartment before the ambulance arrived and saw appellant carrying Jeffery Wayne Stafford, his three year old stepson, down the stairs. Appellant's wife, Theresa Long, followed the two down the stairs. After appellant put the child down on the ground, the officer examined the child and noted that the child appeared to be three or four years old, that there was a handprint on the child's stomach, that his eyes were dilated, and that the child was unconscious but breathing. Appellant told Officer Hoops that the child had taken a drink from his beer, and then the toilet which had been cleaned with a cleaning fluid. Appellant claimed that the child later appeared to be drunk and, after weaving around the room, fell over a chair and hit the wall. The officer found the child's injuries required immediate medical attention and decided to bring the child, his mother, and appellant to the hospital. While at the hospital Officer Hoops talked to Theresa Long, who told essentially the same facts as those given by appellant.

The child was transferred from Alvin Community Hospital to Hermann Hospital. Appellant and his wife told the doctors at Hermann Hospital essentially the same story as that told to Officer Hoops. Alvin Police Officers Mike Clawson and Geraldine Goudeau arrived at Hermann Hospital and asked appellant and his wife to come to the Alvin Police Department to give a statement. The Longs voluntarily went to the police station. Their statements of November 1, 1982, are consistent with their prior recitations of the facts.

On November 3, 1982, Jeffery Wayne Stafford's life support systems were disconnected and the child was declared dead.

Just after Jeffery's death, his younger brother was taken into protective custody by the Brazoria County Child Protective Services in Angleton. On November 4, 1982, in response to a request from Protective Services, Mrs. Long took winter clothing to her surviving child and during her visit expressed a desire to tell the truth about Jeffery's death. The Alvin police were called; Chief Mike Jez and Officer Goudeau responded. Mrs. Long told the police officers that her prior statement was false, that she wished to tell the truth, and that she wanted protection from her husband. Chief Jez asked appellant to stop by the Alvin station in order to clarify some facts. Appellant and Mrs. Long went to the police station in their own car with a relative.

At the station both Longs were told they did not have to speak with the officers and that they were not under arrest. Mrs. Long told Officer Goudeau that appellant had thrown her son across the room into a rocking chair. The child hit the chair with such force that he bounced out of the chair and hit the wall. According to Mrs. Long's statement, appellant, in shock, attempted to revive the child and then threatened to kill Mrs. Long if she should ever tell anyone what happened.

Appellant in his statement of November 4, 1982, described all his activities on October 31, 1982, including how he threw the child across the room, into a rocking chair and the child bounced off the chair, hitting his head on the wall. When the child attempted to crawl away, appellant recalled that he pushed the child down with his foot. Appellant left the station after he had finished his statement.

An arrest warrant for appellant was not issued until November 15, 1982, when the police received information that appellant was going to Louisiana to visit his father. On that day, appellant was arrested and charged with injury to a child.

On January 11, 1983, the Brazoria County Grand Jury returned a three count indictment: two counts for the murder of Jeffery Wayne Stafford and one count of injury to a child. Appellant was convicted by the jury, only of injury to a child.

In ground of error one, appellant argues that the trial court erred when it admitted the second written statement made by appellant to an Alvin police officer because the statement, a result of custodial interrogation, does not show on its face the required warnings of Tex.Code Crim.Pro. art. 38.22, § 2 (Vernon 1979). Appellant also alleges that the record does not show that the required warnings were given to appellant. Prior to trial, appellant filed a motion to suppress his confession because the confession was involuntary and coerced and the defendant was not given a warning of his constitutional rights. The judge waited until trial to rule on the motion and then held a *Jackson v. Denno* hearing. At the conclusion of the hearing, the court denied the motion to suppress appellant's confession of November 4, 1982. The trial court found that appellant made the statement to the police knowingly, intelligently, freely, and voluntarily while he was not under arrest and without undue persuasion or coercion by any Alvin police officer.

There are four factors which have been deemed relevant in an inquiry by the court in determining whether appellant was in custody when the statement was made. Those significant factors are: probable cause to arrest, subjective intent of the police, focus of the investigation, subjective belief of the defendant. *McCrory v. State,* 643 S.W.2d 725 (Tex.Crim.App.1982). A review of the record shows that the court was justified in concluding that appellant was not in custody when he gave his second statement. The officers did not have probable cause to arrest appellant on November 4, 1982. The officers suspected child abuse; however, they did not receive a copy of the autopsy report until December, 1982. Until December, the officers were unsure of the cause of the child's death. Further, focus did not fix on appellant until the police learned on November 15, 1982, that appellant planned to go to Louisiana to see his father when the possibility of flight was added to his inculpatory statement. The officers testified at the *Jackson v. Denno* hearing that they never intended to arrest appellant at the time he gave his statement on November 4, 1982. Finally, the trial court was justified in concluding that appellant's subjective belief was that he would not be detained if he attempted to leave. In fact, just after signing his statement, appellant was allowed to go alone to his apartment to recover two stools which he used in disciplining the children. Obviously, appellant was not in custody at the time he gave his second statement. Since appellant was not in custody when he gave his second statement, its admission is not controlled by Tex.Code Crim.Pro. art. 38.22, § 6 (Vernon 1979). *Daniel v. State,* 668 S.W.2d 390 (Tex.Crim. App.1984). Ground of error one is overruled.

In appellant's second ground of error he claims that the trial court erred in admitting two photographs of the child's body. He claims the photographs were offered by the State "solely to and did in fact inflame the minds of the jury" against appellant. One of the photographs, depicting the child connected to various medical equipment, was introduced during the testimony of Dr. Tom Cleary, one of the physicians who treated the child at Hermann Hospital. The other photograph was introduced during the testimony of Dr. Aurelio Espinola, a medical examiner for Harris County. It was taken during the autopsy and showed the subdural hematoma believed to be the cause of death.

> ... [I]f a photograph is competent, material and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same is admissible.

*Martin v. State,* 475 S.W.2d 265 (Tex.Crim. App.1972), appeal dismissed, 409 U.S. 1021, 93 S.Ct. 469, 34 L.Ed.2d 312 (1972).

The testimony of the treating physicians and the medical examiner describes the subject matter portrayed in the chal-

lenged photographs in graphic detail. The photographs aided the jurors in interpreting the medical testimony. Where pictorial evidence will help the jury to understand verbal testimony, such as technical language used by a medical doctor in describing the injuries sustained by a victim of a crime, a trial judge does not abuse his discretion in admitting these photographs. *Harris v. State*, 661 S.W.2d 106 (Tex.Crim. App.1983).

■ We find that the photographs were competent, material, and relevant. Further, we find that the photographs were not offered solely to inflame the minds of the jury. Finally, a verbal description of the body would be admissible. Therefore, photographs depicting the body are admissible. Ground of error two is overruled.

In his third ground of error, appellant claims that the verdict is contrary to the law and the evidence because there is no admissible evidence. In the alternative, appellant argues that there is insufficient admissible evidence to establish beyond a reasonable doubt that appellant caused serious bodily injury to the deceased child. Specifically, appellant attacks the lack of evidence concerning the manner and means used. Appellant alleges that appellant's wife was an accomplice to the offense. As such, her testimony needs to be corroborated. Tex. Code Crim.Pro. art. 38.14 (Vernon 1979). He further alleges that if appellant's second written statement is excluded, there is no corroboration of the wife's testimony.

■ Appellant's wife was not an accomplice in the instant case.

"A witness is not deemed an accomplice witness because he or she knew of the crime but failed to disclose it or even concealed it ... The mere fact that the witness was present when the crime was committed does not compel the conclusion that she is an accomplice witness."

*Easter v. State*, 536 S.W.2d 223 (Tex.Crim. App.1976). Theresa Long's presence at the crime and her subsequent concealment of the crime does not make her an accomplice.

■ We find that the evidence including Theresa Long's testimony, appellant's statement, and the medical testimony is more than sufficient to sustain the conviction and the allegation in the indictment. Ground of error four is overruled.

■ In his fourth ground of error, appellant states that the trial court misdirected the jury as to the punishment by failing to instruct the jury that the trial court may require, as a probation condition, that appellant serve a term of imprisonment not to exceed thirty days or one-third of his sentence, whichever is lesser, as allowed in Tex.Code Crim.Pro. art. 42.12, § 6b(a) (Vernon Supp.1984).

We have held before that "an accused should be entitled to have all of the allowable statutory terms and conditions of probation enumerated in the court's charge to the jury upon a proper objection or request." *Brass v. State*, 643 S.W.2d 443 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). In *Brass* we found the court's failure to enumerate probation conditions in its charge was not reversible error. We held the error harmless in *Brass* because reversal on appeal for errors in the charge occurs only when the error was calculated to injure the rights of the accused or if it appears that the accused did not have a fair and impartial trial. Tex.Code Crim. Pro.Ann. art. 36.19 (Vernon 1981). The punishment in *Brass* and the punishment in the instant case exceeds the amount which would entitle appellant to probation. Therefore, appellant's rights were not injured and the error is harmless. Appellant's last ground of error is overruled.

Accordingly, we affirm the judgment of the trial court.