**Gilbert YARBROUGH, Appellant,**

v.

**The STATE of Texas Appellee.**

**No. 05–86–01211–CR.**

Court of Appeals of Texas, Dallas.

Nov. 19, 1987.

John A. Haring, Dallas, for appellant.

Constance M. Maher, Dallas, for appellee.

Before WHITHAM, THOMAS and McCRAW, JJ.

THOMAS, Justice.

This is an appeal from a conviction for aggravated sexual assault for which Yarbrough was assessed ten years' confinement in the Texas Department of Corrections. In three points of error, appellant contends that the trial court erred in: (1) failing to submit the specific statutory terms and conditions of probation in the jury charge on punishment; (2) allowing testimony of a police officer which served only to bolster the complainant's testimony; and (3) failing to grant a mistrial because of improper jury argument by the prosecutor. We disagree with all contentions and, accordingly, affirm.

### ENUMERATING THE STATUTORY TERMS AND CONDITIONS IN THE CHARGE

In the first point of error, appellant complains of the trial court's failure to submit in the jury charge on punishment the specific terms and conditions of probation set forth in article 42.12, § 6(a) TEX. CRIM.PROC.CODE ANN.[1] When the trial court first presented the proposed charge, appellant objected to the charge because it listed some, but not all, of the terms and conditions of probation. Appellant specially requested a listing of all of the terms and conditions of probation since the jury had been voir dired on psychological coun-

---

1. All statutory references are to the Texas Code of Criminal Procedure.

seling and custodial incarceration. As a result, the trial court deleted any mention of specific terms and conditions of probation and inserted the following provision:

> The court having jurisdiction of the case shall determine the terms and conditions of probation.

Appellant again objected to the charge on the basis that the court should list the fifteen specific terms and conditions of probation contained in article 42.12, § 6(a).

In asserting this position, appellant relies upon *Brass v. State,* 643 S.W.2d 443 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd). The appellant in *Brass* was denied, over his objection, an enumeration in the charge of the statutory terms and conditions which would be imposed if the jury recommended probation. The *Brass* court held that the trial court was required to enumerate in the court's charge the specific statutory terms and conditions of probation that might be imposed upon a proper objection or request. *Brass,* 643 S.W.2d at 444. We respectfully decline to adopt the holding and reasoning of the *Brass* case.

*Flores v. State,* 513 S.W.2d 66 (Tex.Crim. App.1974), involved a conviction for assault with intent to commit murder wherein the jury assessed punishment at ten years and recommended probation. When the trial court required Flores to pay $5,500 in restitution as a condition of probation, he complained on appeal that the court could not impose such a condition since there had been no jury instruction regarding restitution. In rejecting Flores' contention, the court stated:

> ... While it is considered good practice to enumerate in the court's charge the probationary conditions which the court may impose if probation is recommended by the jury, the failure to so enumerate the said conditions is not harmful to the accused or restrictive of the court's authority under the statute.

*Flores,* 513 S.W.2d at 69. *See also Kemner v. State,* 589 S.W.2d 403, 409 (Tex. Crim.App.1979); *Villanueva v. State,* 703 S.W.2d 244, 246 (Tex.App.—Corpus Christi 1985, no pet.). Appellant attempts to distinguish *Flores* by pointing out that no

objection to the charge was made at the trial and that the charge listed most of the terms of probation a court is authorized to impose. We find no merit in this distinction.

◼ Assuming, *arguendo,* that the trial court erred in failing to enumerate all of the specific statutory terms and conditions of probation, such error would be harmless. In *Almanza v. State,* 686 S.W.2d 157, 171–172 (Tex.Crim.App.1985), the Court of Criminal Appeals held that when error is apparent, reversal is required *only* when the portion of the charge which has been subject to trial objection is "calculated to injure the rights of the defendant," *in view of the record as a whole.* Appellant argues that he has suffered harm because the jury could have recommended probation, but in fact assessed ten years' confinement. It appears the appellant is contending that the jury would have recommended probation if the statutory conditions had been included in the charge. We are not persuaded under the circumstances of this case, nor will we speculate, that the jury in fact would have recommended probation if the conditions had been enumerated in the charge.

The record establishes that the charge informed the jury on the proper range of punishment for the offense of aggravated assault and instructed the jury to consider "all the facts and circumstances shown by the evidence," and to "set punishment in accordance with the evidence and the law." The charge also informed the jury on the law of probation as it related to the jury's determination of the issue. Additionally, the record reveals that the defense attorney "voir dired the jury" on the possible conditions of probation listed in article 42.-12, § 6(a) that the court could impose in its discretion. During the examination of appellant, the jury again was made aware of possible terms and conditions of probation that could be ordered by the trial court. Finally, during argument at the punishment phase, appellant's attorney said in relevant part:

> And the jury charge does not list the specific terms and conditions of proba-

tion. But I have discussed them with you, *you know what they are.* And psychological counseling, if the Court deems it appropriate, particularly in sex offender cases, restitution, incarceration in a community-based facility, community service, any number of things....

... And another thing that they sit on the bench for is to determine what are appropriate conditions of probation. I don't have any control over that and you don't either. If you go back there and wonder what kind of conditions of probation the judge is going to set, you are not going to get any answers. You just have to rely on the good sense of our elected judges.

(Emphasis added). Thus, this jury was informed by means of the charge, through direct examination, and in closing argument as to who could recommend probation and who would be setting the terms and conditions of probation. The jury had before it adequate evidence and instructions to render a proper verdict. Thus, we hold that the absence of the fifteen statutory conditions in the charge was not calculated to injure appellant's rights and did not result in harm to him. We overrule appellant's first point of error.

### BOLSTERED TESTIMONY

Appellant next complains of the trial court's failure to sustain an objection to the testimony of a police officer, which appellant asserts served only to bolster the complainant's testimony. We disagree.

The State's only witness was the complainant, who described the sexual assault and the surrounding events, including her subsequent contact with police investigators. The real issue before the jury was whether the sexual intercourse, if any, between appellant and complainant was consensual or coerced by the exhibition of a knife. The record reflects that complainant was reluctant to pursue the complaint because appellant had threatened to hurt her boyfriend if she told anyone what happened.

Appellant established through the direct examination of the investigating officers that they learned the identity and general location of appellant's residence during the initial investigation, yet there was not an arrest for some four months. The complained of testimony elicited during the State's cross examination is as follows:

Q: And, Investigator, what are your options, as far as after you've investigated a case, what are your options as the investigator in that case, what can you do with the case that you're investigating?

A: Well, if I have enough grounds to file a case and issue a warrant, then I'll do it. If I feel that the grounds are not good enough, then I can not do it. Or I could do a grand jury referral, just send it to the grand jury and let them decide whether there's enough evidence.

Q: And in this case, what did you do after talking to complainant on those occasions?

DEFENSE COUNSEL: Your Honor, I'm going to object to this testimony as bolstering the State's complaint.

THE COURT: It's overruled.

You may answer that.

A: Would you repeat it, please?

Q: (By State's Counsel) After talking with complainant on the two occasions that you did after this offense, what did you do with this particular case?

A: I filed it.

Q: With the Dallas County Grand Jury?

A: I did.

Appellant complains that by eliciting this testimony from the police officer, the State was bolstering the unimpeached testimony of complainant.

The State may not bolster or support its own witnesses unless they have been impeached on cross examination. *Lyons v. State,* 388 S.W.2d 950, 950–951 (Tex.Crim.App.1965). "Bolstering" occurs where one item of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party. *Pless v. State,* 576 S.W.2d 83, 84 (Tex.Crim.App. 1978). The officer's testimony that he decided to "just send [this case] to the Grand Jury and let them decide whether there is

enough evidence" indicated absolutely no opinion by the officer concerning the validity of the complainant's allegations.

Furthermore, the officer's testimony was part of proper cross examination by the State. Appellant argued in closing argument that "based on the testimony [of the officers] the Dallas Police Department wasn't very impressed with this case [since] they sure didn't try very hard to solve it." Inasmuch as this was the impression the appellant tried to create on direct examination, this cross examination was appropriate to afford the State an opportunity to rehabilitate this witness. *See Sledge v. State,* 686 S.W.2d 127, 130 n. 6 (Tex.Crim.App.1984) (distinguishing rehabilitative evidence from inadmissible bolstering evidence). The second point of error is overruled.

### IMPROPER JURY ARGUMENT

In the final point of error, appellant contends that the trial court erred in failing to grant a mistrial because of the State's prejudicial jury argument. The objectionable argument during the punishment phase of the trial is as follows:

> ... And I'm not going to stand here and tell you your verdict is going to get rid of crime in Dallas County ...

> ... But I do want to point out to you that what you do does carry weight, not only just here in Dallas County. Because when you come back and you tell us what a certain offense is worth or you place a value on it, that is how we judge —the D.A.'s office, the judges, the defense lawyers, that is how we judge on down the line, with all the other cases, what an offense is worth. We can't try them all. We have to—you have heard of plea bargain. We have to plea bargain them and we plea bargain.

Appellant complains that the improper jury argument informed the jury that their verdict would set plea bargaining policy in the district attorney's office and was also outside the record.

 The record establishes that the trial court sustained the objection and without necessity of a motion instructed the jury to disregard the argument and not consider it. As a general rule, an instruction to disregard improper argument will usually cure any error. *See Anderson v. State,* 633 S.W.2d 851, 855 (Tex.Crim.App. 1982) and cases cited therein. Statements by counsel will not constitute reversible error unless, in light of the record as a whole, the statements are extreme or manifestly improper, violative of a mandatory statute, or inject new facts harmful to the accused into the proceeding. *Brown v. State,* 692 S.W.2d 497, 502 (Tex.Crim.App. 1985); *Brooks v. State,* 642 S.W.2d 791, 798 (Tex.Crim.App.1982). We hold that any possible harm to appellant was cured by the trial court's prompt instruction to the jury to disregard. Appellant's third point of error is overruled, and the trial court's judgment is affirmed.