**Kim Ralph McNAMARA, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–94–058–CR.**

Court of Appeals of Texas, Fort Worth.

June 1, 1995.

Rehearing Overruled July 13, 1995.

George R. Trimber, Trimber & McAfee, P.C., Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs of Appellate Section, Helena Faulkner, Rose Anna Salinas, Sharon McLauchlin, Asst. Dist. Attys., Fort Worth, for appellee.

Before CAYCE, C.J., and LIVINGSTON and CHUCK MILLER (Assigned), JJ.

## OPINION

MILLER, Justice (Assigned).

Appellant Kim Ralph McNamara pleaded guilty to the offense of aggravated sexual assault of a child. *See* TEX.PENAL CODE ANN. § 22.021(a)(1)(B), (a)(2)(B) (Vernon 1994). The jury assessed punishment at ninety-nine years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine. In one point of error, appellant contends that the trial court erred in failing to submit the specific statutory terms and conditions of probation in the jury charge on punishment. Because the absence of the statutory conditions in the charge was not calculated to injure appellant's rights and did not result in harm to him, we affirm the judgment of the trial court.

In his sole point of error, appellant complains of the trial court's failure to submit in the jury charge on punishment the specific terms and conditions of probation as enumerated in TEX.CODE CRIM.PROC.ANN. art. 42.12,

§ 11(a) (Vernon Supp.1995) (basic conditions of community supervision) and Tᴇx.Cᴏᴅᴇ Cʀɪᴍ.Pʀᴏᴄ.Aɴɴ. art. 42.12, § 14(a) (Vernon Supp.1995) (special conditions for sex offenders). When the trial court first presented the proposed charge, appellant specifically requested inclusion of a listing of all terms and conditions of probation since the appellant had testified that he could meet all the statutory conditions if the jury recommended probation. Appellant's request was overruled. Instead, the trial court submitted the following written instructions regarding probation:

> In this case, the Defendant has filed, before trial, his sworn motion in which he prays that in the event he be convicted, he be granted probation. If you find that the Defendant has not ever been convicted of a felony in this or any other State, and if you assess the punishment of the Defendant at confinement in the penitentiary for a term of not more than 10 years and you recommend that probation be granted in this case, then let your verdict show the punishment which you assess, and show that the Defendant has never before been convicted of a felony in this or any other State, and further show that you recommend that his sentence be suspended and that he be placed on probation.

> Also, you will show the period of probation which you recommend the Defendant shall serve, which shall be any term of years authorized for the offense for which the [D]efendant has been convicted, but in no event for more than 10 years.

> *If you choose to recommend that the Defendant be placed on probation, the Court will set the conditions of probation.* You may NOT recommend that part of the period of confinement be served by incarceration and part by probation.

> Should the punishment assessed by you include a fine, a recommendation of probation should state whether or not the fine be paid, or be suspended and probated.

> Whether you do or do not recommend probation for the Defendant is a matter that rests within the sound discretion of the jury; however, *if your do recommend probation, the Court is required by law to* follow the jury's recommendation. [Emphasis added.]

Appellant argues that inclusion of all the conditions of probation would have affected the punishment assessed by the jury.

Appellant relies upon *Brass v. State,* 643 S.W.2d 443 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd), to support his position that the trial court should have included the statutory conditions of probation in the charge on punishment. As in the instant case, the appellant in *Brass* was denied an enumeration in the charge of the statutory terms and conditions which could be imposed if the jury recommended probation. In response, the Houston Court of Appeals held that the trial court was required to enumerate in the court's charge the specific statutory terms and conditions of probation that might be imposed upon a proper objection or request. *Id.* at 444.

In *Yarbrough v. State,* 742 S.W.2d 62 (Tex. App.—Dallas 1987), *pet. dism'd, improvidently granted,* 779 S.W.2d 844 (Tex.Crim. App.1989), the appellant who was convicted of aggravated sexual assault objected to the proposed charge on punishment because it listed some, but not all, of the terms and conditions of probation. Appellant then specifically requested a listing of all of the terms and conditions. In response, the trial court deleted any mention of specific terms and conditions of probation and inserted a provision stating that the court would determine such conditions in the event probation is recommended. *Yarbrough,* 742 S.W.2d at 63–64. In rejecting the appellant's claim, the Dallas Court of Appeals recognized that:

> While it is considered good practice to enumerate in the court's charge the probationary conditions which the court may impose if probation is recommended by the jury, the failure to so enumerate the said conditions is not harmful to the accused or restrictive of the court's authority under the statute.

*Id.* at 64 (quoting *Flores v. State,* 513 S.W.2d 66, 69 (Tex.Crim.App.1974)). In a later opinion dismissing Yarbrough's petition for discretionary review, the Texas Court of Criminal Appeals stated, "it appears that the decision of the [Dallas] Court of Appeals [finding

no error in failing to include terms and conditions in the charge] is correct and language to the contrary in *Brass v. State,* 643 S.W.2d 443 (Tex.App.—Houston [14th Dist.] 1982, writ [sic] ref'd), is expressly overruled...." *Yarbrough,* 779 S.W.2d at 845. Therefore, it would appear that appellant's reliance in the instant case on *Brass* is misplaced.

Appellant argues, however, that *Yarbrough* is distinguishable on the facts. Appellant asserts that *Yarbrough* dealt with a not guilty plea, whereas in the instant case, appellant pleaded guilty. Because the issue of probation is by nature a punishment concern, entry of a plea of guilty or not guilty is not critical to the determination of whether a trial court's denial to enumerate the terms and conditions of probation in the jury charge at the punishment stage constitutes reversible error. Accordingly, we find no merit in this distinction and hold that *Yarbrough* is dispositive of this issue.

Thus, in the instant case, because the jury had before it adequate evidence and instructions to render a proper verdict, we hold that the absence of the statutory terms and conditions of probation in the charge was not error. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.