TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00494-CR







Richard L. Cook, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NO. CR5007, HONORABLE CHARLES J. HEARN, JUDGE PRESIDING







 In a trial before a jury, appellant pled guilty to nine counts of aggravated sexual
assault of a child. (1) Punishment was assessed at confinement for nine years and a fine of $10,000. 
At the time in question, appellant, a married man, was having an affair with the ten-year-old
victim's mother. Appellant asserts seven points of error but elects to summarize them in "three
primary points." Appellant contends the trial court erred by: (1) not granting appellant's
requested charges on community supervision, (2) admitting over appellant's objection evidence
of an extraneous bad act, and (3) overruling appellant's objections to the prosecutor's jury
arguments. We will overrule appellant's points of error and affirm the judgment of the trial court.

 Appellant contends the trial court erred in refusing to grant the following requested
jury instructions:


(1) as a condition of community supervision, that the defendant submit to a period
of confinement in the Llano county jail for up to 180 days,


(2) condition of the defendant's community supervision would be that a community
supervision and corrections department officer, who specifies a sex offender
treatment provider to provide counseling to a defendant, shall contact the provider
before the defendant is released, establish a date, time and place for the first
session between the defendant and the provider and request the provider to
immediately notify the officer if the defendant fails to attend the first session or any
subsequent scheduled session,


(3) that the court can extend any defendant's probation for a period of up to ten
years.



Appellant notes that all of the foregoing provisions are included in Article 42.12 of the Texas
Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 42.12, §§ 12(a), 13(B)(c) &
22 (West Supp. 1999).

 Appellant states that he has been unable to find any authority to sustain his position,
but urges Yarbrough v. State, 742 S.W.2d 62 (Tex. App.--Dallas 1987), pet. dism'd, improvidently
granted, 779 S.W.2d 844 (Tex. Crim. App. 1989), relied on by both the State and appellant, is
distinguishable from the instant cause. In Yarbrough, like the instant cause, the trial court
instructed the jury on conditions of probation the jury could consider. However, Yarbrough noted
that defense counsel advised the jury of conditions the trial court might impose through voir dire
and jury argument. Id. at 64. We perceive no error in the trial court declining to instruct on
conditions of probation that it alone could consider. Appellant's first three points of error are
overruled.

 In his fourth point of error, appellant complains of the trial court admitting
evidence over his objection that appellant had propositioned the victim's 26 year old aunt for sex. 
Pertinent to the instant cause, the following evidence may be introduced at the punishment phase
of the trial:


[N]otwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any
other evidence of an extraneous crime or bad act that is shown beyond a reasonable
doubt by evidence to have been committed by the defendant or for which he could
be held criminally responsible, regardless of whether he has previously been
charged with or finally convicted of the crime or act.



Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d) (West Supp. 1999).

 We find the State's reliance on Beasley v. State, 902 S.W.2d 452 (Tex. Crim. App.
1995), to be misplaced. Evidence of the defendant's membership in the "Crips gang" was held
admissible after it was shown that this gang engaged in violent and criminal behavior "such as
drug trafficking [sic], robberies, witness intimidation." The court held that "[A] rational jury
could conclude that the gang's reputation was indeed bad" and "The evidence concerning [the
defendant's] membership is relevant because it relates to his character." Id. at 456. We find the
exception in Beasley to be a narrow one and that the conduct admitted in the instant cause does
not reflect upon appellant's reputation or character. Beasley specifically stated that "evidence may
be offered by an accused or by the prosecutor as to the prior criminal record of the accused [and]
[o]ther evidence of his character." Beasley, 902 S.W.2d at 456.


 We must next determine whether error in the admission of the complained of
evidence requires reversal. Non-constitutional error that "does not affect substantial rights must
be disregarded." Tex. R. App. P. 44.2(b). Despite appellant's argument that he was harmed by
its admission, appellant urges that the evidence was not admissible because "It is neither a crime
nor a bad act to simply inquire of a grown person about a date or sex," and "propositioning a
grown person about sex . . . is a completely legal act that occurs every day in our society." We
believe that appellant's conduct could be better characterized as highly inappropriate. However,
it pales in comparison to nine acts of aggravated sexual assault on a child to which appellant
entered pleas of guilty. We hold that the trial court's error in admitting the evidence did not affect
substantial rights of appellant. Appellant's fourth point of error is overruled.

 In points of error five, six and seven, appellant asserts that the trial court erred in
overruling his objections to the prosecutor's jury arguments. Proper jury argument falls within
one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the
evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. See
Cannon v. State, 668 S.W.2d 401, 404 (Tex. Crim. App. 1984). Jury argument must be extreme
or manifestly improper, or inject new and harmful facts into evidence to constitute reversible
error. In determining whether jury argument is extreme or manifestly improper, we look to the
entire record of final arguments to determine if there was a willful or calculated effort on the part
of the State to deprive appellant of a fair or impartial trial. See Cantu v. State, 939 S.W.2d 627,
633 (Tex. Crim. App. 1997).

 In his fifth point of error, appellant complains of the following argument:


Pen time versus probation. I'm not ashame[d] to get up here and stand in front of
you as the District Attorney for the 33rd Judicial District and tell you that in this
proper case submitted to you by the evidence that pen time is proper. Doesn't
bother me a bit.



Appellant contends that the implication of the argument was that the prosecutor had a special
expertise that injected his personal opinion into the case. We find the prosecutor's argument was
in response to defense counsel's argument that appellant was a "perfect person for probation." 
Moreover, the prosecutor's argument falls within the realm of a proper plea for law enforcement. 
See Mader v. State, 807 S.W.2d 439, 442 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd).

 In his sixth point of error, appellant contends that the prosecutor argued law not
set forth in the court's charge over appellant's objection. The prosecutor argued:


Texas Penal Code, our criminal statutes, provide three things that should be
considered in punishment. One of these is rehabilitation.



 We find the prosecutor's argument responsive to defense counsel's argument about
"what the Legislature intended" about probation. While the complained of provision of the Penal
Code was not included in the charge, "error in argument does not lie in going beyond the Court's
charge, but lies in stating law contrary to the same." See Mauldin v. State, 628 S.W.2d 793, 795
(Tex. Crim. App. 1982); Tex. Penal Code Ann. § 1.02 (West 1994).

 In his seventh point of error, appellant contends the trial court erred in overruling
his objection to the prosecutor asking the jury about what the victim would think about a criminal
justice system letting appellant walk out of the court room. Appellant notes that the victim was
not asked what she thought should happen to the appellant. The victim testified that appellant
stuck his finger in her many times over a long period to time. Also, that appellant put his mouth
on her private parts. Although it had been two or three years since these events had occurred,
her mother was still taking her for counseling. In light of the victim's testimony, we hold that the
prosecutor was making a reasonable deduction from the evidence as well as making a plea for law
enforcement.

 Applying the Cantu test, we are unable to conclude that any of the complained of
arguments were so extreme or manifestly improper as to constitute reversible error. Moreover,
we conclude that any error in the prosecutor's arguments did not affect any of appellant's
substantial rights. See Tex. R. App. P. 44.2(b). Appellant's fifth, sixth and seventh points of
error are overruled.

 The judgment of the trial court is affirmed.



 

 Tom G. Davis, Justice

Before Justices Jones, Kidd and Davis*

Affirmed

Filed: September 23, 1999

Do Not Publish




* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. See Tex. Penal Code Ann. § 22.021(a)(1)(B) (West Supp. 1999).



rive appellant of a fair or impartial trial. See Cantu v. State, 939 S.W.2d 627,
633 (Tex. Crim. App. 1997).

 In his fifth point of error, appellant complains of the following argument:


Pen time versus probation. I'm not ashame[d] to get up here and stand in front of
you as the District Attorney for the 33rd Judicial District and tell you that in this
proper case submitted to you by the evidence that pen time is proper. Doesn't
bother me a bit.



Appellant contends that the implication of the argument was that the prosecutor had a special
expertise that injected his personal opinion into the case. We find the prosecutor's argument was
in response to defense counsel's argument that appellant was a "perfect person for probation." 
Moreover, the prosecutor's argument falls within the realm of a proper plea for law enforcement. 
See Mader v. State, 807 S.W.2d 439, 442 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd).

 In his sixth point of error, appellant contends that the prosecutor argued law not
set forth in the court's charge over appellant's objectio