Morales v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-334-CR

NO. 2-02-335-CR

NO. 2-02-336-CR

NO. 2-02-337-CR

JORGE RIOS MORALES, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Jorge Rios Morales appeals his conviction for three counts of aggravated assault with a deadly weapon and for unlawfully carrying a weapon on premises licensed for the sale of alcoholic beverages.  We will affirm.

Sixteen days into appellant’s community supervision for a criminal trespass conviction received after harassing hotel bar patrons, he was once again bothering customers at a bar in Arlington.  Appellant was at the bar with a friend, and was already intoxicated by the time Clint Mobley arrived with three friends.  Appellant recognized Mobley and offered to buy him a shot.  One of Mobley’s friends later refused appellant’s offer to buy him a shot, thinking appellant was being loud and obnoxious.  

Appellant asked Mobley, “What’s his problem?  Is he too good for me?”  Mobley replied, “No.  He just doesn’t know you.”  “Well, f— him,” appellant responded, “I’ve got a gun. . . . I bet he won’t turn his back when I go get my gun.”  Mobley laughed, “Well, all that means is you’re a punk with a gun,” and walked away.  

Mobley’s friends notified the bar manager that appellant was badgering them, and the manager escorted appellant out.  Appellant left the bar, but called a friend from his cell phone in the car and said he did not like Mobley and his friends’ “attitude” and that he was going back to the bar to “fight them.”  When appellant arrived back at the bar, the bar manager noted the “very determined look” on his face.  One of Mobley’s friends asked appellant “what’s going on.”  Appellant answered, “I’m going to take care of this and I’m going to tear their butt.”  When asked, “What do you mean?” appellant lifted his shirt and showed him the gun tucked into his pants.  

One of Mobley’s friends and appellant’s friend nudged appellant towards the door and dissuaded him from starting any trouble.  On the way to the door, appellant tapped Mobley on the shoulder and called him a “bitch.”  When Mobley’s friend did not come back into the bar after a few minutes, Mobley headed out to check on him.  Two of Mobley’s friends followed, concerned that there might be a fight.  

In the parking lot, appellant was trying to go back into the bar while his friend was restraining him and urging him to put the gun away.  Mobley and his two friends were following to find out what was going on.  A disinterested witness testified that the man closest to appellant was holding his hands up to show that he was unarmed, was not advancing towards appellant or making any threatening gestures, and appeared to be trying to talk things out with appellant.  When the man closest to appellant was approximately fifteen to twenty feet from him, appellant cocked his weapon and shot him near the groin.  The other two victims were taking a step back when appellant shot one in the knee and the other in the upper thigh.  

Appellant stood over one victim and declared, “I’m not a punk . . . now.”  He then walked over to Mobley and put the gun to his head, taunting, “Who’s the punk now?”  At that moment, the police arrived and arrested appellant.  Appellant said, “I guess I showed them I’m not a pussy.”  His friend remarked, “I can’t believe you shot those guys because they called you a pussy.”  

In his first two points, appellant contends that the evidence is legally and factually insufficient to support the jury’s rejection of his self-defense theory beyond a reasonable doubt.  We address the legal sufficiency of the evidence to support the jury’s rejection of the self-defense claim by determining whether, after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of aggravated assault beyond a reasonable doubt, and also could have found against appellant on the self-defense issue beyond a reasonable doubt.  
Saxton v. State
, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).  In addressing the factual sufficiency challenge to the jury’s rejection of the self-defense claim, we review all the evidence in a neutral light and ask whether the State’s evidence taken alone is too weak to support the finding, and whether the proof of guilt, although adequate if taken alone, is against the great weight and preponderance of the evidence.  
Zuliani v. State
, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

Based on our review of the entire record, we conclude that a rational jury could have found beyond a reasonable doubt that appellant was seeking vengeance for perceived insults, rather than acting in self-defense, when he shot the victims.  The evidence is sufficient to support the conviction, and the proof of appellant’s guilt is not against the great weight of the evidence.  
Zuliani
, 97 S.W.3d at 595; 
Saxton
, 804 S.W.2d at 914.  We overrule appellant’s first and second points.

In appellant’s third point, he claims that the trial court erred in refusing to submit his requested jury instruction at punishment that community supervision may be revoked if a defendant violates the conditions of community supervision.  Appellant contends that a major thrust of his defense was to attempt to secure community supervision, and that inclusion of appellant’s requested instruction would have reassured jury members that if they granted probation to appellant, and he subsequently violated the conditions, he would have been incarcerated.  A trial court is not required to include information about the terms and conditions of community supervision in the jury charge.  
Cagle v. State
, 23 S.W.3d 590, 594-95 (Tex. App.—Fort Worth 2000, pet. ref’d) (op. on reh’g)
; Yarbrough v. State
, 742 S.W.2d 62, 64 (Tex. App.—Dallas 1987), 
pet. dism’d, improvidently granted
, 779 S.W.2d 844 (Tex. Crim. App. 1989)
.
  
The fact that community supervision might be revoked if one of its terms or conditions is violated is itself a term and condition of community supervision.  
We overrule appellant’s third point.

Having overruled each of appellant’s points, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; GARDNER, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: November 26, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.