TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00657-CR


NO. 03-97-00658-CR






Bernard James Ward Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NOS. 96-624-K368 & 96-625-K368, HONORABLE BURT CARNES, JUDGE PRESIDING







 Appellant pleaded guilty to three counts of aggravated sexual assault, three counts
of sexual assault, three counts of indecency with a child, and two counts of possession of child
pornography. See Tex. Penal Code Ann. §§ 22.021, 22.011, 21.11 (West 1994 & Supp. 1999)
& § 43.26 (West 1994 & Supp. 1999). Appellant requested jury sentencing and filed a sworn
application for community supervision. See Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b) (West
Supp. 1999), art. 42.12, § 4(e) (West Supp. 1999). The jury assessed punishment of 60 years'
imprisonment and a $5,000 fine for each count of aggravated sexual assault, 20 years'
imprisonment and a $2,000 fine for each count of sexual assault and for one count of indecency
with a child, and 10 years' imprisonment and a $1,000 fine for possession of child pornography. 
The sentences run concurrently. 

 Appellant appeals the punishment, raising three points of error: (1) ineffective
assistance of counsel; (2) failure to instruct the jury to disregard an improper question; and (3)
failure to instruct the jury regarding the conditions of community supervision. We will affirm the
convictions.


BACKGROUND

 In August 1993, S.G., aged 13, his mother, and his sister moved in next door to
appellant. Appellant befriended the family and became somewhat of a father figure to S.G.,
attending school conferences with S.G.'s teachers and encouraging positive school behavior. S.G.
spent much of his time at appellant's home and stayed overnight on numerous occasions. Their
activities together included watching television and videos, playing computer games, having
friends over, and taking spring break trips together.

 S.G. invited his friends, A.C., aged 13, and C.W., aged 12, to appellant's house. 
A.C. and C.W. also began to spend much of their time with appellant. Appellant possessed adult
pornographic magazines and videos in the house that were available to the boys. He also had child
pornography stored on his computer. In April 1995, appellant began sexual contact with the boys,
first with S.G. and then with both A.C. and C.W.

 S.G.'s friend Mike Carta, aged 18, rented a room in appellant's house in 1996. 
Appellant gave S.G. and Carta permission to use his computer, and with S.G.'s help Carta located
the child pornography files. On September 24, 1996, Carta went to the Round Rock police and
reported appellant's possession of child pornography. The police went to appellant's home with
Carta the next day, and Carta showed the files to the police. The police obtained a search warrant,
returned to appellant's home that afternoon, and seized the computer, adult videos and magazines,
advertisements for adult pornographic material, condoms, and K-Y Jelly.

 A few days later, A.C. and his father approached the police with a claim of sexual
assault against appellant. Appellant was subsequently indicted for his contact with all three boys
in two separate indictments charging two counts of possession of child pornography, three counts
of indecency with a child, three counts of sexual assault, and three counts of aggravated sexual
assault.

 Appellant pleaded guilty to all charges, requested jury sentencing, and filed a sworn
application for community supervision. The parties presented the punishment phase evidence to
a jury. At the close of the evidence, the State waived two counts of indecency with a child and
waived one count of possession of child pornography. The jury assessed punishment as follows:
10 years' imprisonment and a $1,000 fine for possession of child pornography; 20 years'
imprisonment and a $2,000 fine for indecency with a child; 20 years' imprisonment and a $2,000
fine for each of the three counts of sexual assault; and 60 years' imprisonment and a $5,000 fine
for each of the three counts of aggravated sexual assault.


DISCUSSION

Ineffective Assistance of Counsel

 Appellant claims that he was denied effective assistance of counsel because of four
acts or omissions committed by his trial attorney. Appellant complains: (1) that his trial attorney
failed to claim work product immunity and object to the admission of appellant's written statement
of his sexual and personal history; (2) that his attorney failed to request or pursue a hearing on his
motion to suppress appellant's computer and files, which were introduced into evidence and shown
to contain pornographic images of children, adult women, and bestiality; (3) that his attorney
failed to object to the admission of irrelevant and prejudicial evidence and testimony, namely,
adult pornographic videotapes and photographs of bestiality; and (4) that his attorney failed to
object to the testimony of a probation department official that juries in Williamson County do not
grant probation in cases of aggravated sexual assault.

 The proper standard for determination of effectiveness of counsel at the punishment
phase of a non-capital trial is stated in Ex parte Duffy, 607 S.W.2d 507 (Tex. Crim. App. 1980). 
See Valencia v. State, 946 S.W.2d 81, 83 (Tex. Crim. App. 1997). The Duffy standard asks
"first, whether counsel was reasonably likely to render effective assistance, and second, whether
counsel reasonably rendered effective assistance." Craig v. State, 825 S.W.2d 128, 130 (Tex.
Crim. App. 1992). This "reasonably effective assistance" standard does not mean errorless
counsel, nor does it mean that counsel is to be judged ineffective by hindsight. See Ex parte
Felton, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991). Trial counsel's performance must be
examined in the context of the totality of the representation. See Ex parte Walker, 777 S.W.2d
427, 431 (Tex. Crim. App. 1989); Duffy, 607 S.W.2d at 516 n.17. The defendant must overcome
a strong presumption that his or her trial attorney's conduct fell within the wide range of
reasonable professional assistance and that he or she "made all significant decisions in the exercise
of reasonable professional judgment." Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994).

 The record establishes that trial counsel questioned both appellant and his
psychologist extensively about the information contained in appellant's personal history statement;
trial counsel examined appellant at length regarding his remorse, his acknowledgment of
wrongdoing, his progress in his counseling program, his desire to reform, his willingness to pay
for the victims' counseling, and his request that the jury sentence him to probation.

 This Court need not weigh the potential success of the many trial strategies
available to appellant's trial counsel. See Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim.
App. 1984) (the fact that other counsel might have tried case differently does not show ineffective
representation). Appellant bears the burden of establishing an evidentiary record that rebuts the
presumption that his attorney reasonably rendered effective assistance. See Jackson, 877 S.W.2d
at 771; Mayhue v. State, 969 S.W.2d 503, 511 (Tex. App.--Austin 1998, no writ). Nothing in
the record reveals trial counsel's strategy with regard to the acts or omissions alleged by appellant
to show ineffectiveness of counsel. See Mayhue, 969 S.W.2d at 511. Because there is no
evidence in the record that counsel's trial tactics were unreasonable, appellant has not overcome
"the strong presumption that his trial counsel's strategy was reasonable from counsel's perspective
at trial." Id. We find no basis for concluding that counsel did not exercise reasonable
professional judgment; therefore, we overrule appellant's first point of error.


Prejudicial Question

 In his second point of error, appellant complains that the trial court committed
reversible error by refusing to instruct the jury to disregard an improper question. The record
reflects that during cross-examination of appellant's psychologist, the State asked whether a judge
had ever imposed, as a condition of probation, the requirement that the probationer place a sign
in his yard stating that he was a sex offender along with "the names and addresses and phone
numbers of the jury members that gave him the probation." Appellant's trial counsel objected to
this question claiming that it was "improper" and an "obvious threat to the jury." The trial judge
sustained the objection and instructed the prosecutor to restate the question; the prosecutor asked
essentially the same question. The objection was re-urged and the trial judge again sustained the
objection. The prosecutor then moved on to other questioning.

 After appellant's psychologist testified for some time--approximately sixty-six
pages of testimony in the reporter's record--the court took a brief afternoon recess. Following
the recess, appellant's trial counsel approached the bench outside the presence of the jury and
requested an instruction to disregard the improper question. The court denied the request, stating:
"We're so far past that at this point." Appellant argues that the failure to instruct the jury to
disregard the question was reversible error because it left the jury with the impression that their
names could be publicly displayed on a sign in appellant's yard giving notice to the community
that they had given a sex offender probation. The State argues that appellant waived this point of
error because his request for an instruction to disregard the improper question was not timely
urged. We agree.

 In order to preserve error concerning an objectionable question, a party must make
a timely, specific objection to the question and if that objection is sustained, must make a timely
request for an instruction from the court to have the jury disregard the question. See Davis v.
State, 955 S.W.2d 340, 347 n.3 (Tex. App.--Fort Worth 1997, pet ref'd) (citing Cook v. State,
858 S.W.2d 467, 473 (Tex. Crim. App. 1993)). In the instant case, appellant objected to the
prosecutor's questions regarding the possibility of listing jurors names on a sign in a probationer's
yard, and the trial court sustained the objections before the witness answered the questions. 
Appellant did not request at that time that the court instruct the jury to disregard the question. His
subsequent request for such an instruction after the afternoon recess was untimely. The error, if
any, was waived. Appellant's second point of error is overruled.


Community Supervision Instruction

 Appellant contends in his final point of error that his written request for jury
instructions setting out the terms and conditions of community supervision was improperly denied. 
Appellant argues that without instructions defining the conditions of community supervision, the
trial court did not deliver to the jury a written charge distinctly setting forth the law applicable to
the case. See Tex. Code Crim. Proc. Ann. art. 36.14 (West Supp. 1999).

 The court of criminal appeals has suggested that it is "good practice" to include
probationary conditions in the court's charge. See Flores v. State, 513 S.W.2d 66, 69 (Tex. Crim.
App. 1974). However, it is not considered error to fail to include the terms and conditions of
community supervision in the charge to the jury. See Murphy v. State, 777 S.W.2d 44, 45 (Tex.
Crim. App. 1988); Yarbrough v. State, 742 S.W.2d 62, 64 (Tex. App.--Dallas 1987), pet.
dism'd, improvidently granted, 779 S.W.2d 844, 845 (Tex. Crim. App. 1989) (expressly
approving appellate court's decision). Finding no error in the trial court's charge to the jury, we
overrule appellant's final point of error.


CONCLUSION


 Having overruled each of appellant's three points of error, we affirm the judgments
of conviction.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed on Both Causes

Filed: March 11, 1999

Do Not Publish




* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



gave him the probation." Appellant's trial counsel objected to
this question claiming that it was "improper" and an "obvious threat to the jury." The trial judge
sustained the objection and instructed the prosecutor to restate the question; the prosecutor asked
essentially the same question. The objection was re-urged and the trial judge again sustained the
objection. The prosecutor then moved on to other questioning.

 After appellant's psychologist testified for some time--approximately sixty-six
pages of testimony in the reporter's record--the court took a brief afternoon recess. Following
the recess, appellant's trial counsel approached the bench outside the presence of the jury and
requested an instruction to disregard the improper question. The court denied the request, stating:
"We're so far past that at this point." Appellant argues that the failure to instruct the jury to
disregard the question was reversible error because it left the jury with the impression that their
names could be publicly displayed on a sign in appellant's yard giving notice to the community
that they had given a sex offender probation. The State argues that appellant waived this point of
error because his request for an instruction to disregard the improper question was not timely
urged. We agree.

 In order to preserve error concerning an objectionable question, a party must make
a timely, specific objection to the question and if that objection is sustained, must make a timely
request for an instruction from the court to have the jury disregard the question. See Davis v.
State, 955 S.W.2d 340, 347 n.3 (Tex. App.--Fort Worth 1997, pet ref'd) (citing Cook v. State,
858 S.W.2d 467, 473 (Tex. Crim. App. 1993)). In the instant case, appellant objected to the
prosecutor's questions regarding the possibility of listing jurors names on a sign in a probationer's
yard, and the trial court sustained the objections before the witness answered the questions. 
Appellant did not request at that time that the court instruct the jury to disregard the question. His
subsequent request for such an instruction after the afternoon recess was untimely. The error, if
any, was waived. Appellant's second point of error is overruled.


Community Supervision Instruction

 Appellant contends in his final point of error that his written request for jury
instructions setting out the terms and conditions of community supervision was improperly denied. 
Appellant argues that without instructions defining the conditions of community supervision, the
trial court did not deliver to the jury a written charge distinctly setting forth the law applicable to
the case. See Tex. Code Crim. Proc. Ann. art. 36.14 (West Supp. 1999).

 The court of criminal appeals has suggested that it is "good practice" to include
probationary conditions in the court's charge. See Flores v. State, 513 S.W.2d 66, 69 (Tex. Crim.
App. 1974). However, it is not considered error to fail to include the terms and conditions of
community supervision in the charge to the jury. See Murphy v. State, 777 S.W.2d 44, 45 (Tex.
Crim. App. 1988); Yarbrough v. State, 742 S.W.2d 62, 64 (Tex. App.--Dallas 1987), pet.
dism'd, improvidently granted, 779 S.W.2d 844, 845 (Tex. Crim. App. 1989) (expressly
approving appellate court's decision). Finding no error in the trial court's charge to the jury, we
overrule appellant's final point of error.


CONCLUSION


 Having overruled each of appellant's three points of error, we affirm the judgments
of conviction.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed on Both Causes

Filed: March 11, 1999

Do Not Publish




* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Te