Elizabeth **HERRERA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–91–00355–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 13, 1993.

T.A. Guajardo, San Antonio, for appellant.

Steven C. Hilbig, Dist. Atty. and Edward F. Shaughnessy, III, Asst. Dist. Atty., San Antonio, for the State.

Before REEVES, C.J., and CHAPA and CARR [1], JJ.

## OPINION

REEVES, Chief Justice.

Elizabeth Herrera (appellant) was convicted of attempted murder and sentenced to five years confinement. She claims that she did not get a fair trial because: (1) self defense evidence was excluded improperly; and (2) the jury was confused as to what probation is because of the prosecutor's narrow and vague definition of probation during voir dire, particularly since the trial judge failed to answer the jury's question as to, "What exactly is probation?"

## FACTS

On or about August 7, 1990 appellant shot Robert Ramos outside her home; Ramos was paralyzed by the bullet. Ramos was sixteen years old at the time. During the ensuing petit jury trial, appellant sought to prove that she was justified in using deadly force. Appellant was found guilty of attempted murder and was sentenced to five years confinement in the Institutional Division of the Texas Department of Criminal Justice.

## SELF DEFENSE

■ In her first point of error, appellant contends that the trial court erred by excluding evidence relating to her state of mind at the time of the offense. Appellant

1. Justice Ron Carr, not participating.

sought to prove that she was justified in using deadly force against Ramos because it was immediately necessary to prevent him from murdering her. Appellant complains that the trial court excluded material evidence that shows Ramos' intent "to bring havoc and violence to the Defendant (including possible Arson and/or murder) as evidenced by Robert Ramos' prior acts of violence immediately prior to the instant shooting."

The only testimony that appellant directs our attention to is that created in two bills of exception in which he called Juan Gonzales and Luis Lopez as witnesses outside the presence of the jury. The trial court sustained the State's objection to the admission of Gonzales's testimony and a portion of Lopez's testimony. Appellant contends that this ruling was erroneous and harmful because it deprived appellant of the opportunity to bring forth testimony relevant to the issue of whether she reasonably believed it was immediately necessary to use deadly force.

■ Evidence that is not relevant is inadmissible. TEX.R.CRIM.EVID. 402; *Villarreal v. State*, 821 S.W.2d 682, 687 (Tex.App.—San Antonio 1991, no writ). The exclusion of evidence is largely left to the discretion of the trial court; the trial court's ruling will not be reversed absent an abuse of that discretion. *Montgomery v. State*, 810 S.W.2d 372, 378–79 (Tex.Crim.App.1990) (opinion on rehearing).

Both Gonzales and Lopez testified about shots fired at their home and car, respectively, before the night in question. They did not know who had fired the shots. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX.R.CRIM.EVID. 401. The fact that is of consequence to the determination of this action is whether appellant was justified in employing deadly force against Ramos because she reasonably believed that he was using or attempting to use unlawful deadly force against her. The excluded testimony was devoid of any facts that tend to support that premise; neither Lopez nor Gonzales had any knowledge that Ramos had fired shots at them in their neighborhood. Additionally, there was no evidence that Lopez conveyed his experience to appellant which would support the reasonableness of her beliefs. The excluded evidence was not relevant.

Appellant claims that the excluded evidence was needed to show Ramos had a continuous and common scheme or design to bring violence and possible death to appellant and to show Ramos' motives of violence directed at appellant and the neighborhood. The excluded testimony could not support these theories because neither witness could tie the fired shots to Ramos. Therefore, the excluded evidence was not relevant.

Appellant alleges that the door was opened to such testimony when: (1) the prosecution painted Ramos as innocent when he actually was a violent person who almost killed someone in prior shootings; and (2) when the prosecution contended Ramos was not armed when previously he had "shot up the Defendant's home and Defendant's neighborhood." The excluded evidence was not relevant to whether Ramos was a violent person because it could not tie the shootings to Ramos.

We find the trial court did not abuse its discretion in excluding the evidence. Appellant's first point of error is overruled.

■ Appellant raises another point of contention in her discussion which we shall address. She complains that the prosecution made an untimely oral motion in limine during trial which violated TEX.CODE CRIM. PROC.ANN. art. 27.11, 28.01 (Vernon 1989). In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. TEX.R.APP.P. 52(a). Because appellant did not object to the prosecutor's oral motion in limine, she cannot complain on appeal.

## PROBATION

 In her second point of error, appellant contends that the State denied her a fair trial regarding the punishment issue because during voir dire the prosecutor improperly gave a narrow and vague definition of probation which tended to confuse the jury. Thereafter, during jury deliberation the court failed to answer the jury's question, "Judge, What exactly is the meaning of probation? What happens to someone who is placed on probation?"

 Appellant has failed to cite in her brief any authority for her second point of error which is required by TEX.R.APP.P. 74(f). Despite this omission, we will consider her second point of error in the interest of justice. TEX.R.APP.P. 74(p).

During voir dire the prosecutor stated: Any questions so far? Now, in Texas, if the jury sentences a Defendant to ten years or less, the jury may determine that probation is the appropriate punishment. Probation means you don't go to jail. I'm not going to belabor all the other things about it except to say this. What it basically means is you did this act. You have been convicted of it. Don't go to jail, go back on out on the street like the rest of us and promise to be a good person, okay. That's probation. Anybody have a problem with that so far? I'm not asking you whether or not you would give it in this case. It's improper for me to do that.

Appellant did not object to the prosecutor's remarks. Generally, the failure to object to improper jury argument waives any error absent a showing that the argument in question was so prejudicial that it could not have been cured even with an instruction to disregard. *Romo v. State*, 631 S.W.2d 504, 505 (Tex.Crim.App.1982); *Zaiontz v. State*, 700 S.W.2d 303, 307 (Tex.App.—San Antonio 1985, pet. ref'd) (applied rule to voir dire argument). After reviewing the arguments of the prosecutor, we cannot say that such remark constitutes such prejudicial error as could not have been cured by an instruction.

We consider next the judge's response to the jury question regarding probation.

During jury deliberation in the punishment phase of trial the jury sent a note to the trial court asking, "Judge, What exactly is the meaning of probation? What happens to someone who is placed on probation?" The trial judge responded in writing, "You have all the law the Court can give you. Please continue your deliberations."

Appellant asserts that she was deprived unfairly of an opportunity to have the jury properly consider her application for probation because the judge did not provide a clear legal definition of "probation." The Charge of the Court on Punishment stated that "the Jury may, within its discretion, recommend probation during the good behavior of the defendant. If the Jury does recommend probation, it will be granted by the Court." The charge neither enumerated a definition of probation nor any possible probationary conditions.

After the charge is read to the jury and closing arguments begin, the main jury charge can be supplemented if requested by the jury. TEX.CODE CRIM.PROC.ANN. art. 36.16 (Vernon 1981). We find that the jury, in essence, was requesting that the jury charge be supplemented to include some instruction concerning probation. If any requirement of article 36.16 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. TEX.CODE CRIM. PROC.ANN. art. 36.19 (Vernon 1981).

 In reviewing jury charge error we determine: (1) whether error exists in the charge; and (2) whether sufficient harm was caused by the error to require reversal of the conviction. *Arline v. State*, 721 S.W.2d 348, 351 (Tex.Crim.App.1986); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1984). We find there was error in the charge; the jury's request that the charge be supplemented with some instruction concerning probation was denied.

 The degree of harm that must be present to require reversal of a case depends upon whether the error was pre-

served or unpreserved. *Arline*, 721 S.W.2d at 351. In her brief, appellant states that she timely and specifically objected to the error when the jury's request for instruction was denied. Because appellee has not challenged this statement about the facts or the record, we accept it as correct. TEX.R.APP.P. 74(f). Because appellant preserved jury charge error, we will reverse the case if the error was calculated to injure the rights of the defendant. *Arline*, 721 S.W.2d at 351; *Almanza*, 686 S.W.2d at 171. This means that the presence of *any* harm, regardless of degree, which results from preserved charging error, is sufficient to require a reversal of the conviction; the conviction is affirmed only if *no* harm has occurred. *Arline*, 721 S.W.2d at 351.

The jury was given the option of granting probation. The jury, however, was denied instruction regarding probation when it requested such instruction. Therefore, the jury was not equipped with all the information it needed to properly consider her application for probation. The jury denied probation and sentenced the defendant to jail. Some harm resulted when the court refused to supplement the punishment jury charge with a definition of probation.

We emphasize that the omission of either a definition of probation or conditions of probation from the jury charge is not fundamental error. *See Yarbrough v. State*, 742 S.W.2d 62 (Tex.App.—Dallas 1987), *review dismissed*, 779 S.W.2d 844, 845 (Tex.Crim.App.1989); *Henderson v. State*, 617 S.W.2d 697, 700 (Tex.Crim.App. 1981). However, after the jury asked in essence, "What is probation?" it was error for the trial judge not to supplement the charge with instruction regarding probation when the charge was devoid of any such instruction. At minimum, the court should have given the jury the statutory definition of probation found at TEX.CODE CRIM.PROC.ANN. art. 42.12, § 2(2) (Vernon Supp.1993). Alternatively, the court could have enumerated the possible probationary terms and conditions.

Appellant did not receive a fair and impartial punishment trial. We reverse the punishment conviction and remand to the trial court for a new punishment trial.