**Anne I. LI, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–04–108–CR.**

Court of Appeals of Texas, Fort Worth.

March 24, 2005.

Jeff Kearney, The Kearney Law firm, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Tanya S. Dohoney, Myra McIntosh and Robin McCarty, Asst. Criminal Dist. Attys, Fort Worth, for state.

Panel B: DAUPHINOT, WALKER, and McCOY, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

A jury convicted Appellant Anne I. Li of assault with bodily injury, and the trial court sentenced her to 120 days in jail, probated for one year, plus a $500 fine. In one point, Appellant complains of the following jury instruction: "It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all reasonable doubt concerning the defendant's guilt." Appellant argues that this instruction is erroneous because it amounts to an improper definition of *beyond a reasonable doubt.*

The complained of instruction is part of the *Geesa* definition of *beyond a reasonable doubt.*[1] As Appellant points out, the Texas Court of Criminal Appeals held in *Paulson v. State* that giving the full *Geesa* instruction is reversible error absent agreement of the parties.[2] Appellant here did not agree to the instruction.

While it seems fundamentally unfair that all portions of the definition of *beyond a reasonable doubt* that benefit a defendant have been removed from the definition, leaving only the portion that benefits the State, and while it seems clear that if the definition is improper in whole it should also be improper when only that portion which benefits one party and not the other is retained, both this court and the Texas Court of Criminal Appeals have ruled otherwise, holding that the instruction in question is not improper.[3]

We are constrained therefore to hold that the trial court did not err in including the complained of portion of the *Geesa* instruction in the jury charge. We overrule Appellant's sole point and affirm the trial court's judgment.

WALKER and McCOY, JJ. concur without opinion.

1. *See Geesa v. State,* 820 S.W.2d 154, 162 (Tex.Crim.App.1991).

2. 28 S.W.3d 570, 573 (Tex.Crim.App.2000).

3. *See Woods v. State,* 152 S.W.3d 105, 115 (Tex.Crim.App.2004); *e.g., Pope v. State,* 161 S.W.3d 114, 125 (Tex.App.-Fort Worth 2004, no pet. h.).