*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

## OPINION

No. 04-08-00297-CR

Jose **MAURICIO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-6402
Honorable Pat Priest, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:        Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Phylis J. Speedlin, Justice

Delivered and Filed:    June 17, 2009

AFFIRMED

In view of the appellant's petition for discretionary review filed on April 20, 2009, we withdraw this court's opinion and judgment dated February 18, 2009, and substitute this opinion and judgment.

This is an appeal from the trial court's refusal to provide a supplemental jury instruction on "reasonable doubt" upon request of the jury during deliberations. We affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

Mauricio was charged with four counts of sexual assault of a child. The case was tried to a jury. At the charge conference, counsel for Mauricio requested the *Geesa*[1] definition of "reasonable doubt," or "beyond a reasonable doubt," be included in the jury charge. The trial court denied the request, stating, "I kind of liked it when we defined reasonable doubt and I was very sorry that the Court of Criminal Appeals decided what they did. But until they tell me that I should define it and tell me what definition I should give, I don't feel I can." During their deliberations, the jurors submitted several questions to the court, including requests to "define guilty? not guilty?" and "define beyond a reasonable doubt?" The court proposed to answer that "guilty and not guilty are words of common understanding . . .," and that the "appellate courts of this State have ruled that the term beyond a reasonable doubt is a term which jurors must define for themselves." Counsel for Mauricio objected, requesting instead that the jury be told, in response to defining "guilty" and "not guilty," that they had the evidence and should continue to deliberate. Mauricio's attorney further stated that, "everything has been done to give [the jury] the definition" of "reasonable doubt," and that "since they have asked for it, it should be defined." He opposed the court's proposed response to the reasonable doubt question as "nebulous" and as a comment on the weight of the evidence. Mauricio's attorney then concluded his objection by requesting the court to simply respond by telling the jury, "you have all the evidence before you and the law in the charge and just continue to deliberate." The trial court agreed, and responded to the questions by instructing the jurors that they had the relevant law and evidence and should continue to deliberate. After further deliberations, the

---

[1] *Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991), *overruled in part*, *Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000).

jury found Mauricio guilty on one count of sexual assault of a child, and not guilty on the other three counts. Mauricio was sentenced to 10 years' imprisonment. This appeal followed.

## ANALYSIS

In one issue on appeal,[2] Mauricio contends that under article 36.16 of the Texas Code of Criminal Procedure the trial court was required to provide a definition of "reasonable doubt" upon the jury's request, and erred when it refused to provide a supplemental instruction containing the definition. *See* TEX. CODE CRIM. PROC. ANN. art. 36.16 (Vernon 2006) (providing in part that after the charge is read and closing arguments have begun, "no further charge shall be given to the jury unless required by the improper argument of counsel or the request of the jury . . . ."). Mauricio further contends that his due process rights under both the Texas and United States Constitutions were violated by the denial of the definition because the jury failed to understand the burden of proof necessary to convict him. The State argues waiver, but also responds that under applicable law no "reasonable doubt" definition was required, or indeed proper; it further asserts that the jury in this case "obviously reached an understanding of the meaning of 'beyond a reasonable doubt'" because they chose to convict Mauricio of only one of the four counts with which he was charged.

In his brief, Mauricio acknowledges the current state of the law as set forth by the Texas Court of Criminal Appeals in *Paulson v. State* that trial courts are not required to instruct juries on the definition of beyond a reasonable doubt, and indeed "the better practice is to give no definition of reasonable doubt at all to the jury." *See Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000). He then cites the exception noted in *Paulson*, that if both the State and the defense agree to give the *Geesa* "reasonable doubt" instruction to the jury, "it would not constitute reversible error"

---

[2] Mauricio does not complain on appeal about the trial court's refusal to include a definition of "reasonable doubt" in the written jury charge.

for the trial court to submit it to the jury. *See id.*; *see also Ochoa v. State*, 119 S.W.3d 825, 829 (Tex. App.—San Antonio 2003, no pet.); *Torres v. State*, 116 S.W.3d 208, 212 (Tex. App.—El Paso 2003, no pet.); *Vosberg v. State*, 80 S.W.3d 320, 323 (Tex. App.—Fort Worth 2002, pet. ref'd). The record in Mauricio's case, however, does not show that the State agreed to the "reasonable doubt" definition; therefore, the exception does not apply here. Mauricio refers to the *Paulson* exception in arguing that he "did all he could to waive any error as it relates to this issue of defining beyond a reasonable doubt" by establishing during voir dire that the jurors would find such a definition helpful, requesting the definition be included in the jury charge, and renewing his request for the definition after the jury's note. That argument does not alter *Paulson*'s holding that "beyond a reasonable doubt" is self-defining, and that the better course is for the trial court to give no definition. *See Paulson*, 28 S.W.3d at 573. This reasoning applies even if some jurors state in voir dire that they would find a definition helpful.

Mauricio also makes a fairness argument, asserting that because caselaw permits inclusion in the jury charge of a portion of the *Geesa* definition that favors the State, even over defense objection, he should, in fairness, be permitted his requested portion of the definition. *See Woods v. State*, 152 S.W.3d 105, 115 (Tex. Crim. App. 2004) (holding that jury instruction that "beyond a reasonable doubt" does not mean the prosecution must prove guilt beyond all possible doubt does not attempt to define reasonable doubt, and thus does not violate *Paulson*); *see also Ochoa*, 119 S.W.3d at 829 (same). We note that this type of instruction was not given in Mauricio's case; therefore, there was no unequal treatment. In addition, while we recognize that at least one court of appeals has noted a perceived unfairness to permitting the instruction, we are bound by the controlling precedent from the Court of Criminal Appeals that permits such an instruction while

disallowing the definition of "reasonable doubt" requested by Mauricio. *See Woods*, 152 S.W.3d at 115; *Paulson*, 28 S.W.3d at 573; *see also Li v. State*, 165 S.W.3d 392, 393 (Tex. App.—Fort Worth 2005, pet. ref'd) (questioning the fairness of permitting only part of the *Geesa* instruction).

Mauricio also asserts that the omission of the requested "reasonable doubt" definition violated his constitutional due process rights because the standard of proof was not fully defined for the jury. The constitutional implications of requiring a full definition of "reasonable doubt" were addressed in *Paulson*, with the court concluding that it would be "ill-advised for us to require trial courts to provide the jury with a redundant, confusing, and logically-flawed definition when the Constitution does not require it . . . ." *Paulson*, 28 S.W.3d at 572-73 (citing *Victor v. Nebraska*, 511 U.S. 1, 5 (1994), for its holding that "the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course"). We therefore reject Mauricio's due process argument.

Finally, Mauricio argues that, despite *Paulson*, the trial court was required under article 36.16 of the Code of Criminal Procedure to submit a supplemental instruction containing a "reasonable doubt" definition upon receiving the jury note requesting a definition. *See* TEX. CODE CRIM. PROC. ANN. art. 36.16 (providing in part that after the charge is read and closing arguments have begun, "no further charge shall be given to the jury unless required by the improper argument of counsel or the request of the jury . . . ."). Other than citing to the text of article 36.16, Mauricio provides no legal authority to support his argument that a supplemental instruction was "required," and we do not find it persuasive. If an instruction may properly be given in the original jury charge, then it may be given as an additional instruction. *Daniell v. State*, 848 S.W.2d 145, 147 (Tex. Crim. App. 1993). Because under *Paulson*, a definition of "reasonable doubt" in the main charge was not proper, we

hold that it was likewise not appropriate to submit the definition as a supplemental instruction during deliberations; therefore, the trial court did not err in declining to submit the requested definition.

Based on the foregoing reasons, we overrule Mauricio's issue on appeal. Accordingly, the trial court's judgment is affirmed.

Phylis J. Speedlin, Justice

PUBLISH