02-10-159-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO.  02-10-00159-CR

 

 


 
 
 Grady Shawn Brown
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE County
Criminal Court No. 1 OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

Appellant
Grady Shawn Brown appeals his 365-day jail sentence assessed by a jury
following his assault-family violence conviction.  In two points, Appellant
asserts that the trial court’s failure to submit a supplemental charge instruction
in response to a jury question caused him egregious harm.  We affirm.

II. 
Factual and Procedural Background

Appellant
pleaded not guilty to Class A misdemeanor assault against a family member, and
a jury trial ensued.  Viewed in the light most favorable to the verdict, the
evidence reveals that Appellant would not allow his wife, Trisha Brown, to go
anywhere outside the home without him.  On August 28, 2009, Appellant noticed
that Trisha was not at home and went looking for her in his truck.  When Appellant
found Trisha, he ordered her into his truck and immediately “backhanded” her,
causing her to “see red.”  At home, Appellant punched Trisha in the face with
his fist “over and over and over again” until her eyesight began “closing in”
and “[i]t all went black.”  Trisha regained consciousness when Appellant struck
her in the jaw.  Appellant also hit Trisha in the back of the head with a blunt
object that felt like a broomstick.  The jury found Appellant guilty of
assault-family violence.[2]

Appellant
elected to have the jury assess punishment.  Trisha testified that Appellant
had assaulted her approximately six times in the six months they had been
married.  One prior assault left a permanent scar above her eye.  On another
occasion, Appellant beat Trisha with a pool cue until she could barely walk. 
Appellant often threatened he would harm Trisha’s family if she ever left him. 
Appellant presented evidence that he had never before been convicted of a
felony and was therefore eligible to be placed on community supervision. 
During closing arguments, Appellant’s counsel asked the jury to place Appellant
on community supervision.  The State asked the jury to give Appellant the
maximum sentence of one year’s confinement.

The
court’s punishment charge instructed the jury that “[o]ur law provides that
where a person is charged with this type of offense, and the Jury finds him
guilty, he may be granted community supervision if the Jury finds that such
person has never before been convicted of a felony.”  The court also
instructed:  

Community supervision
means the placement of a defendant by a court under a continuum of programs and
sanctions, with conditions imposed by the court of a specified period during
which a sentence of confinement or confinement and fine is probated and the
imposition of sentence is suspended in whole or in part.   

 

The
court’s charge provided the jury with the following punishment options:  (1)
impose jail time for a number of days not to exceed 365, (2) impose a fine in
an amount not to exceed $4,000, (3) impose jail time and a fine, (4) impose
jail time and recommend community supervision, (5) impose jail time and a fine
and recommend community supervision, and (6) impose jail time and a fine and
recommend community supervision but suspend only jail time.  The charge
instructed the jury to “unanimously agree[] upon a verdict” and to “certify
[the] verdict to the court by using the appropriate form attached hereto.” 
During deliberations, the jury sent out the following note:

We would like to know
if we could add a probate period after a ­____ up to 365 days in jail of up to
365 days of community watch/probation as well as court mandated coun[se]ling/anger
management. 

Without
objection from either party, the trial court responded: “Please be guided by
the court’s charge.  These are the only options that you have.”  The jury
assessed Appellant’s punishment at 365 days in the county jail and did not
recommend community supervision.  The trial court sentenced Appellant
accordingly.  The trial court dismissed the jury and stated:

You had the question
about — I think it was kind of like adding probation to the end of a jail
term.  And what I can do as a judge, up to six months into a jail term, I can
bring somebody back, and if I — if I want to, I can place them on probation at
that point.  I cannot wait until the entire sentence has been performed and
then place them on probation.  I don’t have the ability to do that.  And
it’s kind of like a shock probation in a sense.  Sometimes a judge will send someone
to jail for a period of time, in essence — in hope that it will shock the
defendant’s system and teach them a lesson, and then place them on probation to
see if they’re willing to live up to it.  And if they can’t live up to those
terms and conditions, then they can send them back to jail for the remainder of
the sentence.  But that’s about the only option that I have as a judge. 
Okay?    

 

[Emphasis
added.]

III.  Discussion

In
his first point, Appellant asserts that the trial court erred under article
36.16 of the code of criminal procedure in failing to submit a supplemental
instruction setting out possible probation conditions, including that the trial
court could impose jail time as a condition of probation.  Appellant contends
that the jury’s note indicated that it was considering probation and that it was
asking whether jail time could be required as a condition of probation.  In his
second point, Appellant acknowledges that he did not object to the trial
court’s response to the jury’s note but asserts that the omission of a supplemental
jury charge was egregiously harmful and that reversal is required under Almanza
v. State, 686 S.W.2d 157 (Tex. Crim. App. 1984) (op. on reh’g).   

Even though Appellant did not object
to the trial court’s response, we must determine whether jury-charge error
occurred because all jury-charge error must be considered, whether or not an
objection to the charge was made.  See Middleton v. State, 125
S.W.3d 450, 453 (Tex. Crim. App. 2003); see also Ngo v. State, 175 S.W.3d
738, 743 (Tex. Crim. App. 2005); Williams v. State, 307 S.W.3d 862, 867
(Tex. App.—Fort Worth 2010, no pet.).  Only if we find error, do we consider
whether an objection to the charge was made and analyze that error for harm
under Almanza.[3]  Ngo, 175 S.W.3d
at 743; Middleton, 125 S.W.3d at 453.  The Almanza harm standard
does not apply unless “the record first shows that any requirement of various
statutory provisions referenced in Article 36.19 ‘has been disregarded.’”[4] 
Posey, 966 S.W.2d at 60. 

Under article 36.14, a trial
court must instruct the jury on the law applicable to the case.  See
Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007); Villarreal v. State,
286 S.W.3d 321, 329 (Tex. Crim. App.), cert. denied, 130 S. Ct. 515
(2009).  Under article 36.16, a trial court may give a supplemental instruction
if requested by the jury.  See Tex. Code Crim. Proc. Ann. art.
36.16 (West 2006); Daniell v. State, 848 S.W.2d 145, 147 (Tex. Crim.
App. 1993); Guajardo v. State, 176 S.W.3d 402, 406 (Tex. App.—Houston
[1st Dist.] 2004, pet. ref’d).  If the jury requests additional instructions
that are not proper, however, the court should refer the jury to the court’s
charge.  See Ash v. State, 930 S.W.2d 192, 195–96 (Tex.
App.—Dallas 1996, no pet.) (discussing additional charge instructions in the
context of article 36.27) (citing Gamblin v. State, 476 S.W.2d 18, 20
(Tex. Crim. App. 1972)); Ishmael v. State, 688 S.W.2d 252, 262 (Tex.
App.—Fort Worth 1985, pet. ref’d).  

          Here,
the trial court provided the jury the option of recommending community
supervision, and Appellant acknowledges that the trial court was not required
to enumerate the possible terms and conditions of probation in its original
punishment charge.  He asserts, however, that “upon receipt of the jury’s note
the trial court was undoubtedly aware that the jury was considering probation
if jail time could be assessed in addition thereto” and that the trial court
erred in not supplementing the charge with possible conditions of probation,
including the possibility of jail time as a condition of probation.  We
disagree with Appellant’s characterization of the jury’s note.  

We
agree with the State that the jury’s note asked whether the jury could add a
term of probation on top of a term of confinement.[5] 
This is not a punishment option that juries are authorized to assess.  See
Tex. Penal Code Ann. ' 12.21 (West 2011);[6]
Tex. Code Crim. Proc. Ann. art. 42.12, '
4(a) (West Supp. 2010).[7]  While article 42.12,
section 7 (providing for what is known as “shock probation”) comes the closest
to addressing the jury’s question, it is not a consideration for the jury in
deciding whether to recommend community supervision.  See Tex. Code
Crim. Proc. Ann. art. 42.12, ' 7 (West Supp. 2010).[8] 
Indeed, as the trial court explained to the jury, 

[A]s a judge, up to
six months into a jail term, I can bring somebody back, and if I — if I want to,
I can place them on probation at that point.  I cannot wait until the entire
sentence has been performed and then place them on probation.  I don’t have the
ability to do that.

 

The
record supports the trial court’s understanding that the jury’s note was asking
about an unavailable punishment option and included matters the jury should not
have been considering.  Because the trial court may only instruct the jury on
the applicable law, it properly referred the jury back to the original
punishment charge.

Even
assuming that the jury note could be interpreted the way Appellant suggests—i.e.,
that the jury was asking whether it could impose jail time as a condition of
probation—no charge error existed.  The trial court’s charge provided the jury
with six options that, generally speaking, included two main options—sentencing
Appellant to jail time or recommending community supervision.  Consistent with
the law, the court’s charge instructed that the trial court would set the
conditions of community supervision if the jury recommended community
supervision.  See Tex. Code Crim. Proc. Ann. art. 42.12, §
11(a) (West Supp. 2010); Dellinger v. State, 872 S.W.2d 49, 51 (Tex.
App.—Fort Worth 1994, pet. ref’d) (holding that a jury recommending probation
has no voice in the decision concerning confinement).  It is well-settled that
a trial court is not required to list the conditions of community supervision
in its punishment charge.  See Sanchez v. State, 243 S.W.3d 57, 69–70
(Tex. App.—Houston [1st Dist.] 2007, pet. ref’d); Cagle v. State, 23
S.W.3d 590, 594–95 (Tex. App.—Fort Worth 2000, pet. ref’d) (op. on reh’g)
(citing Yarbrough v. State, 742 S.W.2d 62, 64 (Tex. App.—Dallas 1987), pet.
dism’d, improvidently granted, 779 S.W.2d 844, 845 (Tex. Crim. App.
1989)).  It follows therefore that a trial court does not err by not delineating
community-supervision conditions in a supplemental charge instruction,
especially in the instant situation because the note did not clearly ask about such
conditions and because Appellant did not specifically request that the
instruction be given.  

Appellant
argues, however, that article 36.16 specifically directs a trial court to
supplement its charge upon the jury’s request.  See Tex. Code Crim.
Proc. Ann. art. 36.16 (providing in part that after the charge is read and
closing arguments have begun, “no further charge shall be given to the jury
unless required by the improper argument of counsel or the request of the
jury”).  We do not read article 36.16 as requiring a trial court to submit a
supplemental instruction in every instance that a jury requests additional
information.[9]  See Mauricio v. State,
293 S.W.3d 756, 759 (Tex. App.—San Antonio 2009, no pet.) (declining to accept
appellant’s argument that trial court was required under article 36.16 to
submit a supplemental instruction containing a “reasonable doubt” definition
simply because the jury requested it).  The only other authority Appellant
cites to—Herrera v. State, 848 S.W.2d 244 (Tex. App.—San Antonio 1993,
no pet.)—is not dispositive.  

In Herrera,
the State provided the jury with a confusing definition of probation during
jury selection, and the punishment charge did not define probation or list any
possible probationary conditions.  Id. at 247.  During deliberations,
the jury sent a note to the trial court asking, “What exactly is the meaning of
probation?  What happens to someone who is placed on probation?”  Id. 
The trial court responded over the defendant’s objection: “You have all the law
the Court can give you.  Please continue your deliberations.”  Id.  On
appeal, the San Antonio court concluded that the trial court erred in refusing
to supplement the charge with a definition of probation and that some harm
resulted.  Id. at 247–48.    

          In
the instant case, the trial court provided the statutory definition of
community supervision as well as other instructions that allowed the jury to
properly consider Appellant’s request for community supervision.  Additionally,
as a sister court has noted, Herrera arguably conflicts with Yarbrough
to the extent Yarbrough indicates there is no requirement to include
probation conditions in the charge.  See Musachia v. State, Nos.
14-02-00314-CR, 14-02-00315-CR, 14-02-00316-CR, 2003 WL 21229557, at *13 (Tex.
App.—Houston [14th Dist.] May 29, 2003, pet. ref’d) (not designated for
publication).  Moreover, the only published case to cite Herrera relies
on it for the proposition that omission of probation conditions from a jury
charge is not fundamental error.  See Cortez v. State, 955 S.W.2d 382,
384 (Tex. App.—San Antonio 1997, no pet.).  Thus, article 36.16 did not require
a supplemental instruction in this case.

          For
all of the above reasons, we conclude that there was no jury-charge error in
this case, and therefore, we do not conduct a harm analysis.  See Williams,
307 S.W.3d at 867–68.  We overrule both of Appellant’s points.

IV. 
Conclusion

          Having
overruled Appellant’s two points, we affirm the trial court’s judgment. 

 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
GARDNER,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 31, 2011









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. ' 22.01(a)(1)
(West 2011).





[3]Almanza is based on
the court of criminal appeals’s interpretation of article 36.19 and its
statutory predecessors, which the court has construed as separately containing
the “harm” standards for both “fundamental error and ordinary reversible error”
in jury charges.  Posey v. State, 966 S.W.2d 57, 60 (Tex. Crim. App.
1998) (citing Almanza, 686 S.W.2d at 171).





[4]Article 36.19 provides:

Whenever it appears by the record
in any criminal action upon appeal that any requirement of Articles 36.14,
36.15, 36.16, 36.17 and 36.18 has been disregarded, the judgment shall not be
reversed unless the error appearing from the record was calculated to injure
the rights of defendant, or unless it appears from the record that the
defendant has not had a fair and impartial trial.

 

Tex. Code Crim.
Proc. Ann. art. 36.19 (West 2006).  





[5]The trial court similarly characterized
the jury’s question as “kind of like adding probation to the end of a jail
term.”  





[6]“An individual adjudged
guilty of a Class A misdemeanor shall be punished by: (1) a fine not to exceed
$4,000; (2) confinement in jail for a term not to exceed one year; or (3) both
such fine and confinement.”  Id.





[7]“A jury that imposes
confinement as punishment for an offense may recommend to the judge that the
judge suspend the imposition of the sentence and place the defendant on
community supervision.”  Id. 





[8]During the first 180 days
after sentencing a defendant to confinement for a misdemeanor conviction, the
trial court retains jurisdiction to suspend further execution of the sentence
and place the defendant on community supervision.  Id.





[9]The court of criminal
appeals and at least two sister courts describe the article 36.16 language
Appellant relies on in permissive rather than mandatory terms.  See Daniell,
848 S.W.2d at 147 (noting that under article 36.16, an additional charge may be
given after arguments at the request of the jury); Guajardo, 176 S.W.3d at
406 (“A trial court is allowed to give a supplemental instruction if requested
by the jury.”); Garza v. State, 55 S.W.3d 74, 77 (Tex. App.––Corpus
Christi 2001, pet. ref’d) (stating that if prerequisites of article 36.16 are
met, a supplemental charge may be given).