

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00159-CR

GRADY SHAWN BROWN                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

----------

FROM THE COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant Grady Shawn Brown appeals his 365-day jail sentence assessed by a jury following his assault-family violence conviction. In two points, Appellant asserts that the trial court's failure to submit a supplemental charge instruction in response to a jury question caused him egregious harm. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

Appellant pleaded not guilty to Class A misdemeanor assault against a family member, and a jury trial ensued. Viewed in the light most favorable to the verdict, the evidence reveals that Appellant would not allow his wife, Trisha Brown, to go anywhere outside the home without him. On August 28, 2009, Appellant noticed that Trisha was not at home and went looking for her in his truck. When Appellant found Trisha, he ordered her into his truck and immediately "backhanded" her, causing her to "see red." At home, Appellant punched Trisha in the face with his fist "over and over and over again" until her eyesight began "closing in" and "[i]t all went black." Trisha regained consciousness when Appellant struck her in the jaw. Appellant also hit Trisha in the back of the head with a blunt object that felt like a broomstick. The jury found Appellant guilty of assault-family violence.[2]

Appellant elected to have the jury assess punishment. Trisha testified that Appellant had assaulted her approximately six times in the six months they had been married. One prior assault left a permanent scar above her eye. On another occasion, Appellant beat Trisha with a pool cue until she could barely walk. Appellant often threatened he would harm Trisha's family if she ever left him. Appellant presented evidence that he had never before been convicted of a felony and was therefore eligible to be placed on community supervision. During

---

[2]*See* Tex. Penal Code Ann. § 22.01(a)(1) (West 2011).

closing arguments, Appellant's counsel asked the jury to place Appellant on community supervision. The State asked the jury to give Appellant the maximum sentence of one year's confinement.

The court's punishment charge instructed the jury that "[o]ur law provides that where a person is charged with this type of offense, and the Jury finds him guilty, he may be granted community supervision if the Jury finds that such person has never before been convicted of a felony." The court also instructed:

> Community supervision means the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court of a specified period during which a sentence of confinement or confinement and fine is probated and the imposition of sentence is suspended in whole or in part.

The court's charge provided the jury with the following punishment options: (1) impose jail time for a number of days not to exceed 365, (2) impose a fine in an amount not to exceed $4,000, (3) impose jail time and a fine, (4) impose jail time and recommend community supervision, (5) impose jail time and a fine and recommend community supervision, and (6) impose jail time and a fine and recommend community supervision but suspend only jail time. The charge instructed the jury to "unanimously agree[] upon a verdict" and to "certify [the] verdict to the court by using the appropriate form attached hereto." During deliberations, the jury sent out the following note:

> We would like to know if we could add a probate period after a ____ up to 365 days in jail of up to 365 days of community watch/probation as well as court mandated coun[se]ling/anger management.

3

Without objection from either party, the trial court responded: "Please be guided by the court's charge. These are the only options that you have." The jury assessed Appellant's punishment at 365 days in the county jail and did not recommend community supervision. The trial court sentenced Appellant accordingly. The trial court dismissed the jury and stated:

> You had the question about — I think it was kind of like adding probation to the end of a jail term. And what I can do as a judge, up to six months into a jail term, I can bring somebody back, and if I — if I want to, I can place them on probation at that point. *I cannot wait until the entire sentence has been performed and then place them on probation. I don't have the ability to do that.* And it's kind of like a shock probation in a sense. Sometimes a judge will send someone to jail for a period of time, in essence — in hope that it will shock the defendant's system and teach them a lesson, and then place them on probation to see if they're willing to live up to it. And if they can't live up to those terms and conditions, then they can send them back to jail for the remainder of the sentence. But that's about the only option that I have as a judge. Okay?

[Emphasis added.]

### III. Discussion

In his first point, Appellant asserts that the trial court erred under article 36.16 of the code of criminal procedure in failing to submit a supplemental instruction setting out possible probation conditions, including that the trial court could impose jail time as a condition of probation. Appellant contends that the jury's note indicated that it was considering probation and that it was asking whether jail time could be required as a condition of probation. In his second point, Appellant acknowledges that he did not object to the trial court's response to the jury's note but asserts that the omission of a supplemental jury charge was

4

egregiously harmful and that reversal is required under *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984) (op. on reh'g).

Even though Appellant did not object to the trial court's response, we must determine whether jury-charge error occurred because all jury-charge error must be considered, whether or not an objection to the charge was made. *See Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003); *see also Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Williams v. State*, 307 S.W.3d 862, 867 (Tex. App.—Fort Worth 2010, no pet.). Only if we find error, do we consider whether an objection to the charge was made and analyze that error for harm under *Almanza*.[3] *Ngo*, 175 S.W.3d at 743; *Middleton*, 125 S.W.3d at 453. The *Almanza* harm standard does not apply unless "the record first shows that any requirement of various statutory provisions referenced in Article 36.19 'has been disregarded.'"[4] *Posey*, 966 S.W.2d at 60.

---

[3]*Almanza* is based on the court of criminal appeals's interpretation of article 36.19 and its statutory predecessors, which the court has construed as separately containing the "harm" standards for both "fundamental error and ordinary reversible error" in jury charges. *Posey v. State*, 966 S.W.2d 57, 60 (Tex. Crim. App. 1998) (citing *Almanza*, 686 S.W.2d at 171).

[4]Article 36.19 provides:

> Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.16, 36.17 and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial.

Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006).

Under article 36.14, a trial court must instruct the jury on the law applicable to the case. *See* Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007); *Villarreal v. State*, 286 S.W.3d 321, 329 (Tex. Crim. App.), *cert. denied*, 130 S. Ct. 515 (2009). Under article 36.16, a trial court may give a supplemental instruction if requested by the jury. *See* Tex. Code Crim. Proc. Ann. art. 36.16 (West 2006); *Daniell v. State*, 848 S.W.2d 145, 147 (Tex. Crim. App. 1993); *Guajardo v. State*, 176 S.W.3d 402, 406 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). If the jury requests additional instructions that are not proper, however, the court should refer the jury to the court's charge. *See Ash v. State*, 930 S.W.2d 192, 195–96 (Tex. App.—Dallas 1996, no pet.) (discussing additional charge instructions in the context of article 36.27) (citing *Gamblin v. State*, 476 S.W.2d 18, 20 (Tex. Crim. App. 1972)); *Ishmael v. State*, 688 S.W.2d 252, 262 (Tex. App.—Fort Worth 1985, pet. ref'd).

Here, the trial court provided the jury the option of recommending community supervision, and Appellant acknowledges that the trial court was not required to enumerate the possible terms and conditions of probation in its original punishment charge. He asserts, however, that "upon receipt of the jury's note the trial court was undoubtedly aware that the jury was considering probation if jail time could be assessed in addition thereto" and that the trial court erred in not supplementing the charge with possible conditions of probation, including the possibility of jail time as a condition of probation. We disagree with Appellant's characterization of the jury's note.

We agree with the State that the jury's note asked whether the jury could add a term of probation on top of a term of confinement.[5]  This is not a punishment option that juries are authorized to assess.  *See* Tex. Penal Code Ann. § 12.21 (West 2011);[6] Tex. Code Crim. Proc. Ann. art. 42.12, § 4(a) (West Supp. 2010).[7]  While article 42.12, section 7 (providing for what is known as "shock probation") comes the closest to addressing the jury's question, it is not a consideration for the jury in deciding whether to recommend community supervision.  *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 7 (West Supp. 2010).[8]  Indeed, as the trial court explained to the jury,

> [A]s a judge, up to six months into a jail term, I can bring somebody back, and if I — if I want to, I can place them on probation at that point.  I cannot wait until the entire sentence has been performed and then place them on probation.  I don't have the ability to do that.

---

[5]The trial court similarly characterized the jury's question as "kind of like adding probation to the end of a jail term."

[6]"An individual adjudged guilty of a Class A misdemeanor shall be punished by: (1) a fine not to exceed $4,000; (2) confinement in jail for a term not to exceed one year; or (3) both such fine and confinement."  *Id.*

[7]"A jury that imposes confinement as punishment for an offense may recommend to the judge that the judge suspend the imposition of the sentence and place the defendant on community supervision."  *Id.*

[8]During the first 180 days after sentencing a defendant to confinement for a misdemeanor conviction, the trial court retains jurisdiction to suspend further execution of the sentence and place the defendant on community supervision.  *Id.*

The record supports the trial court's understanding that the jury's note was asking about an unavailable punishment option and included matters the jury should not have been considering. Because the trial court may only instruct the jury on the applicable law, it properly referred the jury back to the original punishment charge.

Even assuming that the jury note could be interpreted the way Appellant suggests—i.e., that the jury was asking whether it could impose jail time as a condition of probation—no charge error existed. The trial court's charge provided the jury with six options that, generally speaking, included two main options—sentencing Appellant to jail time or recommending community supervision. Consistent with the law, the court's charge instructed that the trial court would set the conditions of community supervision if the jury recommended community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a) (West Supp. 2010); *Dellinger v. State*, 872 S.W.2d 49, 51 (Tex. App.—Fort Worth 1994, pet. ref'd) (holding that a jury recommending probation has no voice in the decision concerning confinement). It is well-settled that a trial court is not required to list the conditions of community supervision in its punishment charge. *See Sanchez v. State*, 243 S.W.3d 57, 69–70 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Cagle v. State*, 23 S.W.3d 590, 594–95 (Tex. App.—Fort Worth 2000, pet. ref'd) (op. on reh'g) (citing *Yarbrough v. State*, 742 S.W.2d 62, 64 (Tex. App.—Dallas 1987), *pet. dism'd*, *improvidently granted*, 779 S.W.2d 844, 845 (Tex. Crim. App.

8

1989)).  It follows therefore that a trial court does not err by not delineating community-supervision conditions in a supplemental charge instruction, especially in the instant situation because the note did not clearly ask about such conditions and because Appellant did not specifically request that the instruction be given.

Appellant argues, however, that article 36.16 specifically directs a trial court to supplement its charge upon the jury's request.  *See* Tex. Code Crim. Proc. Ann. art. 36.16 (providing in part that after the charge is read and closing arguments have begun, "no further charge shall be given to the jury unless required by the improper argument of counsel or the request of the jury").  We do not read article 36.16 as requiring a trial court to submit a supplemental instruction in every instance that a jury requests additional information.[9]  *See Mauricio v. State*, 293 S.W.3d 756, 759 (Tex. App.—San Antonio 2009, no pet.) (declining to accept appellant's argument that trial court was required under article 36.16 to submit a supplemental instruction containing a "reasonable doubt" definition simply because the jury requested it).  The only other authority

---

[9]The court of criminal appeals and at least two sister courts describe the article 36.16 language Appellant relies on in permissive rather than mandatory terms.  *See Daniell*, 848 S.W.2d at 147 (noting that under article 36.16, an additional charge may be given after arguments at the request of the jury); *Guajardo*, 176 S.W.3d at 406 ("A trial court is allowed to give a supplemental instruction if requested by the jury."); *Garza v. State*, 55 S.W.3d 74, 77 (Tex. App.—Corpus Christi 2001, pet. ref'd) (stating that if prerequisites of article 36.16 are met, a supplemental charge may be given).

Appellant cites to—*Herrera v. State*, 848 S.W.2d 244 (Tex. App.—San Antonio 1993, no pet.)—is not dispositive.

In *Herrera*, the State provided the jury with a confusing definition of probation during jury selection, and the punishment charge did not define probation or list any possible probationary conditions. *Id.* at 247. During deliberations, the jury sent a note to the trial court asking, "What exactly is the meaning of probation? What happens to someone who is placed on probation?" *Id.* The trial court responded over the defendant's objection: "You have all the law the Court can give you. Please continue your deliberations." *Id.* On appeal, the San Antonio court concluded that the trial court erred in refusing to supplement the charge with a definition of probation and that some harm resulted. *Id.* at 247–48.

In the instant case, the trial court provided the statutory definition of community supervision as well as other instructions that allowed the jury to properly consider Appellant's request for community supervision. Additionally, as a sister court has noted, *Herrera* arguably conflicts with *Yarbrough* to the extent *Yarbrough* indicates there is no requirement to include probation conditions in the charge. *See Musachia v. State*, Nos. 14-02-00314-CR, 14-02-00315-CR, 14-02-00316-CR, 2003 WL 21229557, at *13 (Tex. App.—Houston [14th Dist.] May 29, 2003, pet. ref'd) (not designated for publication). Moreover, the only published case to cite *Herrera* relies on it for the proposition that omission of probation conditions from a jury charge is not fundamental error. *See Cortez v. State*, 955

10

S.W.2d 382, 384 (Tex. App.—San Antonio 1997, no pet.). Thus, article 36.16 did not require a supplemental instruction in this case.

For all of the above reasons, we conclude that there was no jury-charge error in this case, and therefore, we do not conduct a harm analysis. *See Williams*, 307 S.W.3d at 867–68. We overrule both of Appellant's points.

## IV. Conclusion

Having overruled Appellant's two points, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 31, 2011

11